## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRANZ BOENING                           *
                                        *
        Plaintiff,                      *
                                        *          Civil Action No. 07-0430 (EGS)
        v.                              *
                                        *
CENTRAL INTELLIGENCE AGENCY             *
                                        *
        Defendant.                      *
*       *       *       *       *       *       *       *       *       *       *

### MOTION TO COMPEL DEFENDANT TO PROVIDE ACCESS TO "CLASSIFIED" DOCUMENTS TO PLAINTIFF AND HIS COUNSEL[1]

Plaintiff, by and through his undersigned counsel, hereby respectfully submits this Motion to Compel Defendant to Provide Access to "Classified" Documents to Plaintiff and His Counsel.

Defendant's counsel was contacted regarding the relief sought herein and the defendant has indicated its opposition to this Motion.

A Memorandum of Law and a proposed Order accompanies this Motion.

Date:   November 12, 2007

                                        Respectfully submitted,

                                        /s/
                                        _____
                                        Mark S. Zaid, Esq.
                                        DC Bar #440532
                                        Bradley P. Moss, Esq.
                                        D.C. Bar #975905
                                        Mark S. Zaid, P.C.
                                        1250 Connecticut Avenue, N.W.
                                        Suite 200
                                        Washington, D.C. 20036

---

[1] This filing and its attachments were submitted to and reviewed by the CIA for classification purposes. As a result it has been approved for public filing in its present form.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRANZ BOENING | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 07-0430 (EGS) |
| v. | * | |
| | * | |
| CENTRAL INTELLIGENCE AGENCY | * | |
| | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S
### MOTION TO COMPEL DEFENDANT TO PROVIDE ACCESS TO
### "CLASSIFIED" DOCUMENTS TO PLAINTIFF AND HIS COUNSEL[1]

Plaintiff Franz Boening ("Boening"), a former employee of the defendant Central

Intelligence Agency ("CIA"), is pursuing to advance the First Amendment rights of

former CIA employees and ensure the Government does not unlawfully restrict important

expressions of free speech. The CIA has filed a Motion to Dismiss his underlying lawsuit.

Defendant's Motion to Dismiss Under Rule 12 and Motion for Summary Judgment

Under Rule 56 (filed July 20, 2007)("Def's Memo"). Boening has contemporaneously

filed a response. Opposition to Defendant's Motion to Dismiss Under Rule 12 and

Motion for Summary Judgment Under Rule 56 and Cross-Motion for Summary Judgment

(filed November 19, 2007)("Pl's Memo").

As part of his preparation for his response, Boening and his counsel sought access

through the CIA to an unredacted copy of the underlying document in question: a

May 10, 2001, memorandum authored by Boening ("M Complaint"). Boening's counsel,

---

[1] This filing and its attachments were submitted to and reviewed by the CIA for
classification purposes. As a result it has been approved for public filing in its present
form. To the extent any information has been redacted as "classified", the filing of this
document does not denote Boening's, or his counsel's, agreement with any classification
decisions and he reserves the right to challenge these decisions at the appropriate time.
Moreover, depending upon the extent of information redacted, this Court should review
an unredacted version in order to ensure Boening receives full due process during these
proceedings.

through execution of a secrecy agreement, is aware of the specific contents of the "M Complaint". The CIA denied this request, as well as refused to permit either Boening or his counsel to view its "classified" declaration that was filed *in camera* and *ex parte*. Both actions unduly interfered with Boening's counsel's ability to render sound legal judgment.

Determining whether a "need-to-know" exists to permit access to cleared individuals of classified information is a question of fact and relevancy, and not one of national security. As it is a determination that is routinely abused by the CIA in order to hinder its current and former employees' ability to challenge administrative proceedings, as well as to gain advantage in litigation, it is essential for the courts, which serve as the final line of defense against constitutional abuse, to disabuse the CIA of its perceived unilateral authority.

**ARGUMENT**

Section 4.1 of Executive Order 13,292, 68 Fed. Reg. 15315 (2003), states that "(a) A person may have access to classified information provided that: (1) a favorable determination of eligibility for access has been made by an agency head or the agency head's designee; (2) the person has signed an approved nondisclosure agreement; and (3) the person has a need-to-know the information." Both (1) and (2) have been met and are not at issue in this case. Only whether Boening and his counsel have demonstrated a "need-to-know" is in dispute.

"Need-to-know" determinations are factual relevancy decisions, plain and simple.[2] It is beyond question that courts can adjudicate what would otherwise seem to be discretionary determinations that are even related to national security when constitutional

---

[2] EO 13,292, § 6.1 (z), defines the term as a "determination made by an authorized holder of classified information that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized governmental function." The identical definition for "need to know" is contained in Executive Order 12,968.

issues exist. <u>See</u> <u>Webster v. Doe</u>, 486 U.S. 592, 601-05 (1988); <u>Ryan v. Reno</u>, 168 F.3d

520, 524 (D.C.Cir. 1999); <u>See also</u> <u>Nixon v. Sirica</u>, 487 F.2d 700, 713 (D.C. Cir. 1973)

(century of legal experience has taught that "courts have broad authority to inquire into

national security matters so long as proper safeguards are applied to avoid unwarranted

disclosure").

      In <u>Cummock v. Gore</u>, 180 F.3d 282 (D.C.Cir. 1999), the D.C. Circuit implicitly, if

not explicitly, adjudicated a "need-to-know" dispute. Cummock was appointed by

President Clinton as a member of the White House Commission on Aviation Safety and

Security in the aftermath of the TWA800 disaster. <u>Id</u>. at 284. The Commission excluded

her from participation in certain deliberations including restricting her from access to

classified information, notwithstanding the fact she possessed the appropriate security

clearance. The Circuit Court ruled Cummock was entitled to review all the

documentation that had been available to the Commission.

> Cummock possesses an even greater right than a member of the public,
> because, as a Commission member, she is entitled to fully participate in
> its deliberations. Thus, provided that Cummock was granted the
> requisite security clearance, the Commission could not deny her access
> to information that it reviewed and relied upon in formulating its
> recommendations - even if, for instance, that information might have
> been withheld from the public pursuant to a FOIA exemption.

<u>Id</u>. at 292. Moreover, Judge Rogers' concurrence in <u>Cummock</u> speaks directly to whether

this Court can judicially review the "need-to-know" issue.

      Judge Rogers clarified that there may be instances where a committee "might

plausibly claim that it may consider classified information even if such information

cannot be made available to all of its members for want of a security clearance or 'need-

to-know.'" <u>Cummock</u>, 180 F.3d at 293. This factual scenario was not addressed because,

as in the instant matter, Cummock asserted she possessed the necessary clearance and the

government did not dispute that assertion. <u>Id</u>. However, Judge Rogers noted that:

[t]o the extent the government maintains there is still a "need-to-know" threshold requirement before classified information can be disclosed, see id. (citing Executive Order 12,958), the court's holding that Cummock has a right to participate fully in the committee's deliberations, which includes a cause of action to obtain the same information provided other members, appears to satisfy the need-to-know requirement, although the issue could be explored as necessary by the district court on remand.

Id. at 293-94. Thus, Judge Rogers had no qualms about the courts having the ability to determine "need-to-know", and neither should this Court.

Although the Classified Information Procedures Act, 18 U.S.C. App. 3 §§ 1-16, ("CIPA")[3] established criminal procedures for a court to follow that would permit and protect the use of classified information, the authority granted the Judiciary in such circumstances offers relevant guidance to the civil circumstances now at hand. The applicable standard for determining an individual's eligibility for access to classified information is no different in a criminal matter than it is for a civil case. There must have been a determination of eligibility, a demonstrated "need-to-know" and the execution of an approved non-disclosure agreement. See e.g. Executive Order 12,968, §1.2(c). In CIPA cases, when a defendant is aware of classified information that he either wishes to disclose during trial or intends to seek through discovery, the court is primed to make the very determination that the defendants now allege it cannot make - that is, "all determinations concerning the use, relevance, or admissibility of classified information". See 18 U.S.C. App. 3 §6.

More importantly, in Stillman v. DoD et al., 209 F. Supp. 2d 185 (D.D.C. 2002), this Court set forth in a detailed 106 page opinion why it believed the First Amendment required the same defendant to provide the same cleared counsel with access to the

---

[3]CIPA was enacted in 1980 to deter the practice of "greymail" in cases involving classified information. "Greymail" occurs when a defendant asserts that classified information is relevant to his defense and the government must decide between disclosing the information or dismissing the prosecution. CIPA's provisions seek to create a balance between the defendant's constitutional rights and the government's need to protect classified information. See 18 U.S.C. App. 3 (2000).

allegedly classified portions of the document that was the subject of that lawsuit. The Court's premise was that it "will not allow the government to cloak its violations of plaintiff's First Amendment rights in a blanket of national security." Id. at 231.

However, the D.C. Circuit reversed, although without offering an opinion on this Court's substantive analysis. It noted that this Court had "abused its discretion by unnecessarily deciding that a plaintiff has a first amendment right for his attorney to receive access to classified information where such access is needed to assist the court in resolving the plaintiff's challenge to the classification." Stillman v. CIA et al., 319 F.3d 546, 548 (D.C.Cir. 2003). The "abuse" arose, according to the Circuit panel, because this Court "did not wait to evaluate the pleadings and affidavits to be submitted by the Government in defense of its classification decision." Id. at 548-49.

That said, there are two separate and distinct issues that Boening is now bringing before this Court for adjudication.

First, to what extent and when, if ever, is a plaintiff and his counsel permitted to gain access to the specific "classified" documents at issue in the litigation when both plaintiff and counsel *already possess the specific knowledge* of the "classified" contents through either having had actual prior access to the document and/or by reason of the authorized dissemination of the contents through the execution of a secrecy agreement?

Second, to what extent and when, if ever, are either the plaintiff and/or his counsel permitted to gain access to the "classified" declaration submitted by the defendant agency to support the Government's position in the litigation?

## I.    THE PLAINTIFF AND HIS COUNSEL HAVE A FIRST AMENDMENT RIGHT TO ACCESS THE PLAINTIFF'S "CLASSIFIED" DOCUMENT TO FACILITATE THE SUBMISSION OF ARGUMENTS TO THE COURT

The facts in the instant matter are actually stronger than that in Stillman. Of course in both this case and Stillman the plaintiffs themselves had prior access to the relevant information. But in the latter case plaintiff's counsel had not had prior access to the

"classified" manuscript in question, or even the general contents. Declaration of Mark S. Zaid, Esq., at ¶4, attached as Exhibit "1" (dated November 12, 2007). However, in this case counsel <u>has</u> had authorized access to the specific information due to his participation in classified meetings with the CIA's Office of Inspector General and a review of related documents. <u>Id</u>.; Exhibit "2".[4] <u>See also</u> Exhibits "2" & "4" attached to Pl's Opp. (relevant memoranda).

By letter dated October 15, 2007, Boening's counsel submitted a formal request to the CIA, through its' attorneys, for access to the "M Complaint" "in order to ensure we can present an appropriate response consistent with my client's First Amendment rights". Exhibit "3".[5] The CIA, through its' counsel, responded:

> Additionally, the CIA further advised me that it has denied your client's request for access to classified documents he created in connection with the proceedings before the Office of Inspector General ("OIG") referred to in your letter. Access to classified information is governed by Executive Order 12958, as amended, which includes a requirement that the prospective recipient has a "need to know" the information. Section 6.1(z) defines "need to know" as "a determination made by an authorized holder of classified information that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized governmental function." As noted in the Declaration of Scott A. Koch, filed along with the Motion for Summary Judgment, the CIA has

---

[4] With respect to legal representation, the CIA's Regulation ("Access to Agency's Facilities, Information and Personnel by Private Attorneys and Other Personal Representatives," Sept. 4, 1998, states:

> In their discussions with their representatives, employees are reminded that they should not discuss official information, including unclassified information, with their representatives if that information is not relevant to their case. Employees are reminded of their obligations under Executive Orders 12958 and 12968 to determine whether all potential recipients of classified information, including their personal representatives, have a bona fide "need-to-know" the information before such information is provided to their representatives.

[5] Access was not sought for review of the Agency's classified submissions for which neither Boening nor his counsel had ever had prior access, particularly because it was already known that the CIA would deny any such request.

determined that your client does not have a need to know the classified information contained in those materials. *See* Koch Decl. ¶ 32 n.6.

Moreover, the CIA has advised me that it also denied your request for access to these classified materials created by your client. The CIA has determined that you do not have a need to know this information because your representation of a private client in civil litigation against the United States does not constitute performing or assisting in a lawful and authorized governmental function. This determination that pursuing civil litigation against the United States does not constitute performing or assisting a lawful governmental function is distinct from and supercedes any limited access to certain classified information that you may have been given in connection with the proceedings involving the CIA's OIG.

Exhibit "4".

The CIA's response is particularly peculiar with respect to Boening's access to his own document. For one thing, it again premises its conclusion on an erroneous assumption that Boening actually accessed classified information in order to create the "M Complaint". Def's Memo, Koch Decl. ¶32 n.6. He did not. See Declaration of Franz Boening at ¶11 (dated November 12, 2007), attached as Exhibit "1" to Pl's Memo. In light of the fact that (1) Boening created the document, (2) Boening had regular access to the document and/or its contents during administrative discussions with the CIA's OIG, and (3) Boening exclusively utilized publicly available newspaper and magazine articles, as well as declassified government documents retrieved from the Internet, it would appear that the only conclusion possible for the CIA's decision to deny his, and his counsel's access, to the unredacted "M Complaint" is solely to "gain advantage in litigation." Stillman, 209 F. Supp. 2d at 224 fn. 26.[6]

Boening and his counsel's request to have unredacted access to the "M Complaint", which of course would occur at an Agency facility to properly safeguard the information, involves a factual "need-to-know" determination that can be rendered by this Court. In

---

[6] Justice Stewart recognized in his *Pentagon Papers* concurrence that the national security classification system can all too easily "be manipulated by those intent on self-protection and self promotion." New York Times v. United States, 403 U.S. 713, 729 (1971) (Stewart, J., concurring).

light of the undisputed facts that both Boening and his counsel had authorized access to the information within the "M Complaint", a decision by this Court would not run afoul of the D.C. Circuit's concerns expressed in <u>Stillman</u>.

## II.  THE PLAINTIFF AND HIS COUNSEL HAVE A FIRST AMENDMENT RIGHT TO ACCESS THE GOVERNMENT'S "CLASSIFIED" *EX PARTE* DECLARATION TO FACILITATE THE SUBMISSION OF ARGUMENTS TO THE COURT

The CIA has submitted its pleadings and declarations. The publicly available declaration submitted by Ralph S. DiMaio, Information Review Officer, National Clandestine Service (dated July 19, 2007), fails to contain any specific references to the withheld information. It is nothing but boilerplate recitations of statutory and Executive Order provisions along with some basic procedural facts known to all. Neither Boening nor his counsel has been permitted access to the DiMaio classified declaration that allegedly actually addresses why the information within the "M Complaint" must be considered classified.

Not surprisingly, the CIA opposes any effort by Boening or his counsel to review the classified DiMaio declaration. <u>See</u> Def's Memo at 40-41. Until recent years, and continuing with complete inconsistency in policy implementation between the administrative and litigation stages of a prepublication review challenge, agencies had routinely permitted the former employee's attorney to participate in the prepublication review process. <u>See</u> <u>Knopf v. Colby</u>, 509 F.2d 1362, 1365 (4th Cir. 1975)(attorneys permitted to participate in discussions with CIA to reduce deletions).[7] <u>See also</u> <u>Colby et al. v. Halperin et al.</u>, 656 F.2d 70, 72 (4th Cir. 1981)(expert witness provided access to classified portions in preparation of trial testimony)

---

[7]Indeed, on several occasions during the last decade and including this specific case, the CIA has permitted Boening's attorney, Mark S. Zaid, to have access to the "classified" portions of documents authored by current and former CIA employees during administrative challenges. <u>See</u> Zaid Decl. at ¶5.

After reviewing the CIA's submission the Court "should consider whether its need for [Boening's counsel's] assistance outweighs the concomitant intrusion upon the Government's interest in national security" and rule it does thereby ordering the defendants to permit at least counsel's access to the classified DiMaio declaration. The legal analysis that led the Court to reach that decision is the same. The facts surrounding the two cases are essentially the same. If the CIA wishes to appeal that determination, so be it. The issue is of constitutional importance and deserves to be determined once and for all. A reasonable interpretation of the D.C. Circuit's opinion is that all this Court needs to do is specifically indicate that it has considered all possible options, to include reviewing the government's declarations, but still concludes based on its experiences in handling classification disputes that Boening's First Amendment rights would still be violated if access were not permitted.

Boening and his attorneys already possess the requisite clearance from the CIA for access to SECRET information (and in Boening's case higher than that level), see Zaid Decl. at ¶3, which is the classification status of the DiMaio declaration. The CIA's denial of access to this document unconstitutionally interferes with Boening's legal rights to counsel and his right to petition the courts. See Strickland v. Washington, 466 U.S. 668, 692 (1984)("Actual or constructive denial of assistance of counsel altogether is legally presumed to result in prejudice. So are various kinds of state interference with counsel's assistance"). The Supreme Court has "uniformly found constitutional error without any showing of prejudice when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding." U.S. v. Cronic, 466 U.S. 648, 659, n.25 (1983)(citation omitted).[8]

---

[8] See also Declaration of R. James Woolsey (dated March 13, 2002)("In order to permit a lawful challenge to an agency's classification decisions, an author's attorney, if holding the appropriate security access, must be provided unfettered access to the writing in question (as well as access to his client) and any agency declarations submitted in support of the classification decisions."), attached at Exhibit "5".

Therefore, Boening and his counsel should be constitutionally entitled to review the CIA's classified DiMaio declaration and permitted to supplement their filing, if necessary, to address any points expressed therein.

<u>**CONCLUSION**</u>

Based on the foregoing, the plaintiff and his counsel should be permitted access to the unredacted copies of the "M Complaint" and the classified DiMaio declaration.

Date:   November 19, 2007

Respectfully submitted,

/s/
_____
Mark S. Zaid, Esq.
DC Bar #440532
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRANZ BOENING            *

                      *

       Plaintiff,           *

                      *        Civil Action No: 07-430 (EGS)

       v.                  *

                      *

CENTRAL INTELLIGENCE AGENCY   *

                      *

       Defendant.       *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## DECLARATION OF MARK S. ZAID, ESQ.

I, MARK S. ZAID, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1. I am a person over eighteen (18) years of age and competent to testify. I make this Declaration on personal knowledge and in support of the plaintiff's Motion to Compel Defendant to Provide Access to "Classified" Documents to Plaintiff and his Counsel.

2. I am the attorney of record for plaintiff Franz Boening ("Boening"). I am admitted to practice law in the States of New York, Connecticut and the District of Columbia, as well as the D.C. Circuit, Second Circuit and Fourth Circuit Court of Appeals, and the United States District Courts for the District of Columbia, Maryland, Eastern District of New York, Northern District of New York and the Southern District of New York. I have been litigating cases pertaining to national security since 1993.

3. As part of my representation of Boening, I have executed a secrecy agreement providing me access to up to and including SECRET level information (and the same applies to my associate Bradley P. Moss, Esq.). I have, in fact, participated in classified meetings with Boening and the defendant Central Intelligence Agency ("CIA") to discuss or review the specific documents at issue in this case.

4. I was also previously counsel for Danny Stillman, who similarly litigated a prepublication review case against the defendant Central Intelligence Agency regarding a manuscript he had written. Stillman v. CIA 209 F. Supp. 2d 185 (D.D.C. 2002), rev'd on

<u>other grounds</u>, 319 F.3d 546 (D.C. Cir. 2003). I did not have classified access to the

document at issue in that lawsuit, nor was I verbally privy to classified information from

the plaintiff.

5.   In fact, for more than a decade I have handled numerous prepublication review

cases, particularly with the CIA, both at the administrative and litigation stages. <u>See e.g.</u>

<u>Sterling v. CIA</u>, Civil Action No: 03-0603 (D.D.C.)(TPJ); <u>Wendy Lee v. CIA</u>, Civil

Action No. 03-0206 (D.D.C.)(TPJ); <u>Waters v. CIA</u>, Civil Action No: 06-383

(D.D.C.)(RBW). In most, but certainly not all, of the cases I have been provided with

authorized access during the administrative process to either the specific documents in

question or been verbally provided with the contents therein.

I do solemnly affirm under the penalties of perjury and upon personal knowledge that

the contents of the foregoing paper are true to the best of my knowledge.

Date:   November 12, 2007


                                                /s/

                                    _____

                                    Mark S. Zaid

Central Intelligence Agency



Washington, D.C. 20505

Inspector General
703-874-2555

24 November 2003

Mr. Mark Zaid
Krieger & Zaid, PLLC
1747 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C. 20006-4604

Re:  Franz B.

Dear Mr. Zaid:

     This is in response to your 28 October 2003
correspondence to the Inspector General requesting access to
the written complaints your client has submitted to this
office.  According to our records, there have been three
such complaints.

     We advised your client previously that, under Office of
Inspector General (OIG) policy, we would make a draft Report
of Investigation (ROI) concerning his 24 March  2003
complaint available to him for review and comment concerning
factual accuracy.  Consistent with OIG policy and the level
of security clearance granted by this Agency, you will be
allowed to accompany your client for this purpose.  We will
also make your client's 24 March 2003 complaint available
for your review at that time.  A representative of this
office will contact you when the draft ROI is ready for your
client's review.

     With regard to the two earlier complaints that were
submitted to this office by your client, the relevant OIG
files have been closed.  Thus, pursuant to OIG policy, we
are treating your letter as a request for release of those
complaints under the Freedom of Information and Privacy
Acts.  Accordingly, it is being referred to the Agency's

Mr. Mark Zaid

Information and Privacy Coordinator for processing.  You
will receive an acknowledgment and contact information
directly from that office.

Sincerely,

A. R. Cinquegrana
Counsel to Inspector General

# MARK S. ZAID, P.C.
### Attorney-At-Law

1250 CONNECTICUT AVENUE, N.W.
SUITE 200
WASHINGTON, DC 20036
_____

TELEPHONE (202) 454-2809
FACSIMILE (202) 330-5610

October 15, 2007

VIA E-MAIL

Michael P. Abate
Trial Attorney, Civil Division
U.S. Department of Justice
P.O. Box 883
20 Massachusetts Avenue, N.W.
Room 7302
Washington, D.C. 20530

Re: Boening v. CIA, Civil Action No. 07-430 (D.D.C.)(EGS)

Dear Mr. Abate:

I am writing to take you up on your offer of July 26, 2007, to cooperate and ensure that any "classified" submission by my client will be filed in camera for the Court's review. To be perfectly candid, we have no intention of filing, much less creating, a classified submission but, of course, I cannot claim to know whether the CIA will consider certain information we intend to include in a declaration, especially in light of the current posture of this case, to be classified.

Therefore, in order to properly ascertain whether any declaration (and any accompany materials) to be submitted by my client contains alleged classified information – and therefore necessitates an in camera filing – I am respectfully requesting that the CIA arrange for a date/time for my client and I to use a secure computer at an Agency facility (wherever that might reasonably be) in order to draft a factual declaration for his signature. We can then submit the document(s) for classification review and act accordingly following a determination. As we have no interest in even inadvertently disclosing what may or may not be legitimately classified information, this method will ensure no potential problems arise.

The alternative is to proceed how I normally handle these types of cases and – in complete good faith with no intention to include classified information – draft any intended filings on our own computers and then submit the document(s) for classification review. We would then delete any material – despite our good faith efforts to exclude – designated as classified by the Agency and request that the unredacted version be submitted to the Court for its in camera review.

We are comfortable with either option but offer both to the Government in order to ensure no concerns arise.

Furthermore, in order to ensure we can present an appropriate response consistent with my client's First Amendment rights, I would also like to make immediate arrangements for my client and I to re-review the "classified" documents he created that are the subject of this litigation. As you know, I participated in the IG process wherein these documents were created, reviewed and discussed.

Please note I am <u>not</u> asking the Government for permission to review any of the Agency's classified submissions for which I have never had prior access. That dispute will be directed towards the Court. I am only addressing those documents for which I had unfettered prior authorized access (and for which the substantive information contained therein I continue to have authorized access).

I appreciate your cooperation in this matter, and await your timely response. Should you wish to discuss any of the above with me, please contact me at (202) 498-0011.

Sincerely,

/s/

Mark S. Zaid



**U.S. Department of Justice**

Civil Division

Federal Programs Branch

20 Massachusetts Ave., NW

Room 7302

Washington, DC 20530

---

Michael P. Abate                                    Tel: (202) 616-8209 — Fax: (202) 616-8470

Trial Attorney                                       Email: michael.abate@usdoj.gov

October 26, 2007

VIA FIRST-CLASS MAIL AND E-MAIL

Mr. Mark S. Zaid

Mark S. Zaid, P.C.

1250 Connecticut Ave., N.W., Suite 200

Washington, DC 20036

Re: *Boening v. Central Intelligence Agency*, Civil Action No. 07-0430 (D.D.C.)

Dear Mark:

I write in response to your October 15, 2007 letter.

The Central Intelligence Agency ("CIA") has advised me that it has no objection to you or your client preparing draft legal pleadings on your personal computers, as long as the draft pleadings do not contain any classified information and you submit them to the CIA for classification review before filing.

Additionally, the CIA further advised me that it has denied your client's request for access to classified documents he created in connection with the proceedings before the Office of Inspector General ("OIG") referred to in your letter. Access to classified information is governed by Executive Order 12958, as amended, which includes a requirement that the prospective recipient has a "need to know" the information. Section 6.1(z) defines "need to know" as "a determination made by an authorized holder of classified information that a prospective recipient requires access to specific classified information in order to perform or assist in a lawful and authorized governmental function." As noted in the Declaration of Scott A. Koch, filed along with the Motion for Summary Judgment, the CIA has determined that your client does not have a need to know the classified information contained in those materials. *See* Koch Decl. ¶ 32 n.6.

Moreover, the CIA has advised me that it also denied your request for access to these classified materials created by your client. The CIA has determined that you do not have a need to know this information because your representation of a private client in civil litigation against the United States does not constitute performing or assisting in a lawful and authorized governmental function. This determination that pursuing civil litigation against the United States does not constitute performing or assisting a lawful governmental function is distinct from and supercedes any limited access to certain classified information that you may have been given in connection with the proceedings involving the CIA's OIG.

Sincerely,

Michael P. Abate
Trial Attorney
United States Department of Justice

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DANNY B. STILLMAN            \*
                                      \*

      Plaintiff,               \*
                                      \*

      v.                        \*         Civil Action No. 01-1342 (EGS)
                                        \*

DEPARTMENT OF ENERGY <u>et al.</u>    \*
                                       \*

      Defendants.            \*

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## <u>DECLARATION OF R. JAMES WOOLSEY</u>

I, R. JAMES WOOLSEY, pursuant to 28 U.S.C. § 1746, hereby declares as follows:

1. I am a person over eighteen (18) years of age and competent to testify. I make this Declaration on personal knowledge and in support of the plaintiff's Supplemental Memorandum in Support of Plaintiff's Motion to Compel Defendants To Permit His Attorney's Access to Classified Manuscript and Pleadings

2. I am presently a partner in the law firm of Shea & Gardner, where I have practiced on four occasions since 1973. I most recently returned to the firm in January 1995 after serving two years as Director of Central Intelligence. Prior to serving as Director of Central Intelligence, I served in the U.S. government as: Ambassador to the Negotiation on Conventional Armed Forces in Europe (CFE), Vienna, 1989-1991; Under Secretary of the Navy, 1977-1979; and General Counsel to the U.S. Senate Committee on Armed Services, 1970-73.

3. I am aware of the circumstances surrounding the plaintiff Danny B. Stillman's efforts to publish his manuscript and challenge the classification decisions of the defendants Central Intelligence Agency, Defense Intelligence Agency and the Department of Defense. Moreover, I am familiar with the current dispute regarding whether Mr. Stillman's attorney, Mark S. Zaid, has a "need-to-know" the allegedly classified portions of the manuscript in order to properly represent his client's interests in this litigation.

4.   Prepublication review challenges are rarely brought to light in a judicial forum. The constitutional interests at stake, especially that of the First Amendment, are particularly significant in such cases given that the information in question was actually authored by the plaintiff. In order to permit a lawful challenge to an agency's classification decisions, an author's attorney, if holding the appropriate security access, must be provided unfettered access to the writing in question (as well as access to his client) and any agency declarations submitted in support of the classification decisions. That is, the attorney clearly possesses a "need-to-know" under the specific circumstances.

5.   It is my understanding that in Mr. Stillman's case the defendants have alleged that information within his manuscript has been classified at the SECRET level. Additionally, it is my understanding that Mr. Stillman's attorney currently holds SECRET level access with the Central Intelligence Agency and Defense Intelligence Agency. In my opinion, Mr. Zaid possesses the requisite "need-to-know" as that term is used in Executive Order 12,958 and should be permitted access.

I do solemnly affirm under the penalties of perjury and upon personal knowledge that the contents of the foregoing paper are true to the best of my knowledge.

Date:   March 13, 2002

                                              /s/
                                         _____

                                         R. James Woolsey

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FRANZ BOENING | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No: 07-430 (EGS) |
| v. | * | |
| | * | |
| CENTRAL INTELLIGENCE AGENCY | * | |
| | * | |
| Defendant. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## <u>ORDER</u>

Upon consideration of plaintiff's Motion to Compel Defendant to Provide Access to "Classified" Documents to Plaintiff and his Counsel, and it appearing that the relief prayed is just and appropriate, it is this _____ day of _____ 200__,

ORDERED, that plaintiff's Motion is granted; and

FURTHER ORDERED, that the defendant is required to provide plaintiff and his counsel with access to the specific documents discussed in this Court's Memorandum Opinion at a facility and date to be determined.

_____
UNITED STATED DISTRICT JUDGE