UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FRANZ BOENING | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No: 07-430 (EGS) |
| v. | * | |
| | * | |
| CENTRAL INTELLIGENCE AGENCY | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**PLAINTIFF'S EXPEDITED MOTION TO CLARIFY BRIEFING SCHEDULE
AND STRIKE OR DENY, WITHOUT PREJUDICE, DEFENDANT'S
RENEWED MOTION TO DISMISS AND MOTION FOR
SUMMARY JUDGMENT OR, ALTERNATIVELY, FOR
<u>EXEMPTION FROM LOCAL RULE 7(e) PAGE LIMITATIONS</u>**[1]

NOW COMES the plaintiff Franz Boening ("Boening"), by and through his undersigned counsel, to respectfully seek clarification from the Court as to its desired schedule for the briefing of matters at issue in this litigation, to strike the Defendant's Renewed Motion to Dismiss and Motion for Summary Judgment or, alternatively, for exemption from LCvR 7(e) page limitations.

On July 20, 2007, the defendant Central Intelligence Agency ("CIA") filed a Motion to Dismiss and Motion for Summary Judgment (Dkt. No. 4). On November 19, 2007, Boening filed an Opposition brief (Dkt. No. 9) as well as a Cross-Motion for Summary Judgment (Dkt. No. 10). Additionally, he also contemporaneously separately filed a Motion to Compel Defendant to Provide Access to "Classified" Documents to Plaintiff and His Counsel (Dkt. No. 11). On November 20, 2007, the parties filed a Joint Motion to Establish Briefing Schedule (Dkt. No. 14) with respect to the above filings.

On November 28, 2007, the Court issued an Order (Dkt. No. 16) denying, without prejudice, the CIA's motions and Boening's Cross-Motion and granted in part and denied

---

[1] Plaintiff's counsel is required to submit all filings, including procedural motions such as this, to the defendant for classification review before filing it with the Court. Therefore, the date this document was written may not be identical to the actual date of filing.

in part the Joint Motion with the stated desire that it intended to first resolve Boening's Motion to Compel. Additionally, the Court established a briefing schedule stating that:

> Defendant's Response to Plaintiff's Motion to Compel shall be filed no later than **January 11, 2008** and Plaintiff's Reply in Support of Plaintiff's Motion to Compel shall be submitted to the Central Intelligence Agency for classification review no later than **February 11, 2008.** Plaintiff's reply shall then be promptly filed with this Court upon approval of the CIA.

Id. (bold original).

On January 11, 2008, the CIA timely filed its Opposition to Plaintiff's Motion to Compel (Dkt. No. 17). However, with no explanation or leave from the Court, it additionally filed a renewed Motion to Dismiss and Motion for Summary Judgment (Dkt. No. 18). This renewed motion was filed in violation of LCvR 56.1 as it failed to include a "statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement."

In addition to not following the instructions set forth in the Court's Order and the Local Rules, the CIA's renewed Motions repeatedly rely through mere incorporation on legal arguments originally espoused in their now-dismissed Motions (Dkt. No. 4), as well as factual exhibits that were attached thereto, and also respond to arguments set forth in the now-dismissed Boening Opposition/Cross-Motion (Dkts. No. 9 & 10) rather than properly re-file its Motions with all arguments and exhibits set forth anew. This method not only appears confusing because it refers to multiple documents which are not even technically before the Court for consideration, but also unfairly permits the CIA to exceed the page limitations set by LCvR 7(e) without seeking leave from the Court.[2]

---

[2] The CIA's original legal memorandum for its Motion to Dismiss and Motion for Summary Judgment (Dkt. No. 4) was 42 pages, and the renewed legal memorandum for its current Motions, which not only incorporate the original legal memorandum but also responds to Boening's Opposition, is now another 35 pages (only four of which actually respond to Boening's pending Motion to Compel). For the record, Boening would consent to the CIA's exemption from LCvR 7(e) if such request was filed with the Court.

By the CIA's recent filing and taking into consideration the Court's Order of November 28, 2007, Boening's Reply to Defendant's Opposition to Plaintiff's Motion to Compel was due to be submitted to the CIA for classification review on or before February 11, 2008,[3] but his unanticipated Opposition (and intended renewed Cross-Motion for Summary Judgment) would be due for filing with the Court on or before January 25, 2008. Unfortunately, Boening's counsel admittedly created unnecessary confusion by filing a Consent Motion for Extension on January 24, 2008 (Dkt. No. 20), seeking a submission date for all filings for classification review of February 8, 2008, without recalling the Court's Order of November 28, 2007 that established the deadline date of February 11, 2008, for the Reply brief. The Court denied the Motion via Minute Order on January 25, 2008.

A follow-up Motion for Reconsideration (Dkt No. 21) was granted via Minute Order on January 25, 2008, that now set the new submission date of February 1, 2008. Thus, Boening's counsel extended the deadline for his response to the CIA's renewed Motion to Dismiss and Motion for Summary Judgment (Dkt. No. 18) by one week but actually shortened by ten days his submission deadline for his reply brief to the CIA's Opposition to Plaintiff's Motion to Compel. In light of the perceived intent of the Court's Order dated November 28, 2007 (Dkt. No. 16), and the regrettable confusion created by the undersigned with his recent Extension Motions, it would seem clarification from the Court would be appropriate given the now conflicting dates and Motions.

Therefore, Boening is requesting the following relief from this Court:

(1) That the CIA's renewed Motion to Dismiss and Motion for Summary Judgment be stricken from the record (or denied without prejudice) and be re-filed in proper

---

[3] This date was the deadline for submission to the CIA for classification review rather than for filing with the Court. See Order (dated November 28, 2007)(Dkt. No. 16).

compliance with the Local Rules of this Court, or – per this Court's original instructions – await resolution of the Plaintiff's Motion to Compel before re-filing;[4] and

(2) That the Court respectfully clarify whether the February 11, 2008, submission deadline is still in force for Boening's Reply to the CIA's Opposition to his Motion to Compel, or whether it has been superseded by the new date of February 1, 2008, as established by the Court's Minute Order dated January 25, 2008; and

(3) That, whatever the submission deadline date, Boening be permitted to separately submit responses, i.e., in distinct documents, to the CIA's Opposition to his Motion to Compel and the CIA's Renewed Motion to Dismiss and Motion for Summary Judgment; and

(4) That in submitting his response to the CIA's Renewed Motion to Dismiss and Motion for Summary Judgment, Boening be permitted exemption once again from LCvR 7(e) and allowed to exceed the page limitations by up to ten pages.[5]

Plaintiff's counsel has discussed this Motion with counsel for the defendant and it is understood that the CIA takes the following positions: the CIA opposes (1), takes no position on (2), consents to (3) but does not believe it requires Court intervention, and consents to (4).

The granting of this motion shall not result in the continuance of any hearing, conference or trial. A proposed Order accompanies this Motion.

---

[4] However, Boening would agree with the CIA that the substantive filings associated with the parties' respective Motions for Summary Judgment relate to the relief requested in Boening's Motion to Compel and in order to ensure that the framework established by the D.C. Circuit in <u>Stillman v. CIA et al.</u>, 319 F.3d 546 (D.C.Cir. 2003) is followed it likely makes sense to have at least the summary judgment motions fully briefed to enable the Court to initially render judgment on the Motion to Compel.

[5] In his original filing a total of six extra pages were used (Dkt. No. 10).

Date:  January 30, 2008

                                                Respectfully submitted,

                                                     /s/
                                            _____
                                            Mark S Zaid, Esq.
                                            D.C. Bar #440532
                                            Mark S. Zaid, P.C.
                                            1250 Connecticut Avenue, N.W.
                                            Suite 200
                                            Washington, DC 20036
                                            (202) 454-2809
                                            (202) 330-5610 fax
                                            Mark@MarkZaid.com

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

FRANZ BOENING　　　　　　　　　　＊
　　　　　　　　　　　　　　　　　＊
　　　　Plaintiff,　　　　　　　　＊
　　　　　　　　　　　　　　　　　＊　　Civil Action No: 07-430 (EGS)
　　　v.　　　　　　　　　　　　　＊
　　　　　　　　　　　　　　　　　＊
CENTRAL INTELLIGENCE AGENCY　　　＊
　　　　　　　　　　　　　　　　　＊
　　　　Defendant.　　　　　　　　＊
＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊　＊

## **ORDER**

Upon consideration of plaintiff's Motion to Clarify Briefing Schedule and Strike or Deny, Without Prejudice, Defendant's Renewed Motion to Dismiss and Motion for Summary Judgment or, Alternatively, for Exemption from Local Rule 7(e) Page Limitations, and it appearing that the relief prayed is just and appropriate, it is this

_____ day of January 2008,

　　ORDERED, that plaintiff's Motion is granted; and

　　FURTHER ORDERED, that the defendant's Renewed Motion to Dismiss and Motion for Summary Judgment is hereby _____; and

　　FURTHER ORDERED, that the plaintiff has up to or before February __, 2008, to submit his Reply to Defendant's Opposition to Plaintiff's Motion to Compel and February __, 2008, to submit his Opposition to Defendant's Motion to Dismiss and Motion for Summary Judgment and Cross-Motion for Summary Judgment; and

　　FURTHER ORDERED, that the plaintiff may separately respond to the Defendant's Opposition to Plaintiff's Motion to Compel Defendant to Provide Access to "Classified" Documents to Plaintiff and his Counsel, and the Defendant's Renewed Motion to Dismiss and Motion for Summary Judgment; and

FURTHER ORDERED, that plaintiff may exceed LCvR 7(e) for his responsive filing to Defendant's Motion to Dismiss and Motion for Summary Judgment by no more than ten (10) pages..

_____
UNITED STATED DISTRICT JUDGE