# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FRANZ BOENING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0430 (EGS) |
| | ) | |
| CENTRAL INTELLIGENCE AGENCY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Less than one week ago plaintiff sought and received an extension of time from this Court to enable him to respond to the merits of defendant's Renewed Motion to Dismiss and Motion for Summary Judgment (Dkt. nos. 18, 19) ("Renewed Motion"). *See* Consented-to Motion for Extension of Time (Dkt. no. 20) at 1 (seeking "an extension of time . . . *in which to submit his response*" to Renewed Motion (emphasis added)); *see also* Motion for Reconsideration of Court's Minute Order of January 25, 2008 (Dkt. no. 21) at 1 (renewing request for extension of time to respond after this Court denied initial extension motion). Now – and again at the eleventh hour – plaintiff moves to *strike* defendant's Renewed Motion. This motion is little more than an attempt to obtain another extension of time to respond to defendant's Renewed Motion. Because there is no basis for striking defendant's Renewed Motion, this Court should deny plaintiff's motion, and instead require plaintiff to submit a timely response.

Motions to strike are permissible only as to pleadings, not as to briefs or motions, and are generally disfavored. *See* Fed. R. Civ. P. 12(f); *Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 54 n.2 (D.D.C. 2006); *Kopf v. Battaglia*, 425 F. Supp. 2d 76, 86 n.13 (D.D.C. 2006). Because the Renewed

Motion "is not a pleading, as defined in Federal Rule of Civil Procedure 7(a), and motions to strike apply only to pleadings, the plaintiff['s] motion to strike is improper." *Naegele v. Albers*, 355 F. Supp. 2d 129, 142 (D.D.C. 2005). Moreover, even if defendant's Motion were a pleading under Fed. R. Civ. P. 7(a), it may only be stricken if it contains "redundant, immaterial, impertinent, or scandalous matter." *Id.* (citing Fed. R. Civ. P. 12(f)). Plaintiff has not even attempted to demonstrate that defendant's Renewed Motion meets this substantial threshold.

Instead of filing the instant Motion to Strike, the proper course would have been for plaintiff to proceed in opposing the Renewed Motion pursuant to the schedule established by the Court at plaintiff's own request.[1] This is especially true in the present case, where even plaintiff concedes that "the substantive filings associated with the parties' respective Motions for Summary Judgment relate to the relief requested in Boening's Motion to Compel" and that "it likely makes sense to have at least the summary judgment motions fully briefed to enable the Court to initially render judgment on the Motion to Compel." Motion to Strike (Dkt. no. 23) at 4 n.4.

This candid concession illustrates that the Central Intelligence Agency properly renewed its Motion to Dismiss and Motion for Summary Judgment at the same time that it opposed plaintiff's Motion to Compel. That action was entirely consistent with this Court's Order of November 28, 2007 (Dkt. no. 16). That Order dismissed *without prejudice* defendant's original Motion to Dismiss

---

[1] Defendant respectfully submits that there is no confusion regarding the Feb. 11, 2008 date – on which, pursuant to the Court's November 28, 2007 order, plaintiff must submit to the CIA for classification review his brief on the Motion to Compel – and the February 1, 2008 date – on which, pursuant to this Court's January 25, 2008 Minute Order, plaintiff must submit to the CIA for classification review his opposition to the Renewed Motion. Those are separate motions proceeding according to separate schedules established by this Court. Nevertheless, and because defendant believes the merits of the motions are intertwined, defendant does not object to plaintiff's suggestion that a single date be set to consolidate the briefing on these motions.

and Motion for Summary Judgment (Dkt. no. 4), as well as plaintiff's Cross-Motion for Summary

Judgment (Dkt. no. 10). The Order also required defendant to respond to plaintiff's Motion to

Compel (Dkt. no. 11) by January 11, 2008. In opposing plaintiff's Motion to Compel on that date,

defendant argued that controlling D.C. Circuit precedent requires this Court to *first* consider whether

the Court can resolve the government's dispositive motion on the basis of the government's *ex parte*,

*in camera*, submissions *before* turning to the question posed by plaintiff's Motion to Compel. *See*

*Stillman v. CIA*, 319 F.3d 546, 548 (D.C. Cir. 2003). Consistent with that position, defendant

therefore urged the Court to deny the Motion to Compel and, simultaneously, renewed its Motion

to Dismiss and Motion for Summary Judgment (Dkt. nos. 17-19). Moreover, and in an attempt to

keep the litigation moving forward on a timely basis, defendant also responded to the arguments that

plaintiff raised in opposing the original dispositive motion.[2]

Simply put, plaintiff's Motion to Strike lacks merit. That relief is not available under the

Federal Rules of Civil Procedure. Moreover, granting the motion would only result in further and

---

[2] Plaintiff alleges that defendant violated the Local Rules by renewing its motion without first seeking leave from the Court, and by incorporating by reference the earlier dispositive motion, and the statement of material facts and supporting exhibits attached thereto. Not so. Defendant is not required to seek leave from this Court to file a dispositive motion. Moreover, because the statement of material facts and supporting exhibits accompanying the original and renewed dispositive motions are clearly identified for, and available (through the ECF system) to, the Court, defendant's decision to cite to the existing record materials rather than to re-file duplicate copies provides no basis for *striking* a valid dispositive motion.

Nor did defendant violate any local rule regarding the length of its submissions. Defendant was permitted 45 pages to respond to plaintiff's Motion to Compel. *See* LCvR 7(e). Defendant's opposition to that Motion to Compel – which explained that the merits of the Motion to Compel and the Renewed Motion are inextricably intertwined – totaled only 35 pages, and therefore complied with the Local Rules. Nevertheless, if this Court believes that leave was required pursuant to LCvR 7(e) to file the Renewed Motion, defendant respectfully requests that this Court construe this filing as a request for such relief. Plaintiff's Motion to Strike indicates that he would consent to such an order. *See* Motion to Strike at 2 n.2 ("For the record, Boening would consent to the CIA's exemption from LCvR 7(e) if such request was filed with the Court.").

unnecessary delay of this litigation, because it would simply require defendant to re-renew its dispositive motion, which must be considered prior to plaintiff's Motion to Compel.  *See Stillman*, 319 F.3d at 548.  This Court should not delay any further its consideration of whether the document is properly classified.  Instead, it should require plaintiff to respond to defendant's Renewed Motion in a timely fashion.


Dated: <u>January 31, 2008</u>                          Respectfully Submitted,

                                                         JEFFREY S. BUCHOLTZ
                                                         Acting Assistant Attorney General

                                                         JEFFERY A. TAYLOR
                                                         United States Attorney

                                                         VINCENT M. GARVEY
                                                         Deputy Branch Director

<u>Of Counsel:</u>                                       ***/s/ Michael P. Abate***
Kyle Schurle                                             MICHAEL P. ABATE
Office of the General Counsel                            (IL Bar No. 6285597)
Central Intelligence Agency                              Attorney, Civil Division
Washington, DC  20505                                    U.S. Department of Justice
                                                         P.O. Box 883
                                                         20 Massachusetts Ave., N.W., Room 7302
                                                         Washington, D.C. 20530
                                                         Telephone: (202) 616-8209
                                                         Facsimile: (202) 616-8470

                                                         *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of January 2008, I caused the foregoing Defendant's Opposition to Plaintiff's Motion to Strike to be served on plaintiff's counsel of record electronically by means of the Court's CM/ECF system.

*/s/ Michael P. Abate*