**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FRANZ BOENING | * | |
| | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 07-0430 (EGS) |
| v. | * | |
| | * | |
| CENTRAL INTELLIGENCE AGENCY | * | |
| | * | |
| Defendant. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
RENEWED CROSS-MOTION FOR SUMMARY JUDGMENT[1]**

This case presents many interesting and novel twists and turns ostensibly pitting the

protections of the First Amendment against the alleged concerns of national security with

a smattering of Whistleblower and regulatory nuances. But the ultimate focus and

underlying claim here rises and falls with the First Amendment, and it is there that the

plaintiff Franz Boening ("Boening") desires to focus the Court's attention.[2]

---

[1] This document and its attachments first underwent a classification review by the
defendant Central Intelligence Agency ("CIA") prior to filing. To the extent any
information has been redacted as "classified", the filing of this document does not denote
Boening's agreement with that decision and he reserves the right to challenge the
determination at the appropriate time. Moreover, depending upon the extent of
information redacted, this Court should review any unredacted version in order to ensure
Boening receives full due process during these proceedings.

[2] Contrary to the CIA's diatribes, Boening is neither conceding nor abandoning his
arguments or ignoring CIA retorts that merit response. See e.g., Defendant's (1) Reply in
Support of Renewed Motion to Dismiss and Motion for Summary Judgment and (2)
Opposition to Plaintiff's Cross-Motion for Summary Judgment at 2-3, 11 fn.7, 12 (filed
March 21, 2008)("Def's Opp."). For example, throughout its brief the CIA is incredulous
at the fact that Boening apparently continues to argue positions that the CIA believes to
be wrong as if Boening should have simply accepted the fate that the CIA desires him to
have and be done with it. Id. at 1 fn.1, 11-12, 17. The reasons for the CIA's incredulity is
a mystery, particularly given that it expressly asserts that it incorporated its earlier
arguments from its initial Motion to Dismiss, none of which were ever adjudicated by
any Court, thereby forcing Boening to respond yet again with some of the same

(Continued…)

The defendant relentlessly seems to pound its fists on the table and shout its argument that analysis underpinning the Freedom of Information Act ("FOIA") equally applies to this First Amendment case which, according to the old legal maxim, means they lack both the facts and the law on their side. The CIA desires to have this Court impose, for the first time, a statutory interpretation of FOIA to the living, breathing parameters of the Constitution. Yet despite the pursuit of this virgin application of law the CIA continually pronounces that it is Boening who holds the burden to persuade this Court that he has met the CIA's newly devised standards. To the contrary, the burden falls upon the CIA, not Boening, to justify the further attempt to erode a former employee's Constitutional rights.

In reading the CIA's response, the respective views of the parties and the various interpretations of their arguments appear so divergent from each other that they appear no less than "two ships passing in the night". At times it makes a further response difficult as the CIA has so fundamentally misunderstood, or deliberately mischaracterized, Boening's position. For example, how the CIA interprets Boening's Opposition/Cross-Motion as "not squarely challeng[ing] the CIA's assertion that the subject of his Memorandum is classified", Def's Opp. at 3, is literally stunning. To be clear, Boening unequivocally challenges the CIA's assertion that the subject of the "M Complaint" is

---

(…Continued)
arguments he initially set forth so that a substantive determination on the merits could result. To the extent an argument is not addressed herein, either no response is believed needed to further the debate or it has been discussed sufficiently in prior briefs and Boening incorporates those arguments accordingly.

properly classified. There is nothing classified or classifiable about even one sentence in the document in question.[3]

The CIA is unwavering in its view that the "law is clear" in adjudicating Boening's First Amendment claims, particularly with respect to two important contentions. See e.g., Def's Opp. at 4-5. First, according to the CIA, it is a plaintiff's "initial burden" to identify the purported sources for specific information in a document that was derived from public sources. Id. at 4. Second, that classification experts – and courts – "must undertake a nuanced multi-part analysis that considers whether the information deemed classified is in fact identical to that which has been officially disclosed or released into the public domain." Id. at 5.

The CIA challenges Boening's assertions about the facts reflected in the record surrounding whether and to what extent pinpoint cites are needed to support Boening's public sources. Id. at 6-11. The record speaks for itself and needs not to be repeated. Boening has expressed his sincere belief that he has properly sourced his submission and he has elaborated upon the methods he utilized and his understanding of why that is sufficient. Second Declaration of Franz Boening at ¶¶17-24 (dated February 11, 2008), attached to Opposition to Defendant's Renewed Motion to Dismiss Under Rule 12 and Motion for Summary Judgment Under Rule 56 and Memorandum of Points and

---

[3] Of course, neither Boening nor his counsel is aware of the substantive arguments espoused by the CIA in its *ex parte in camera* "classified" filing, which it is heavily relying upon to bolster its case. See Def's Opp. at 2. Were this otherwise Boening could properly respond and provide assistance to this Court.

Authorities in Support of Plaintiff's Renewed Cross-Motion for Summary Judgment

(filed March 10, 2008)("Pl's Memo"), Ex. 1.[4]

Ironically, to some extent Boening is not even in a position to fully respond to this

Court and demonstrate, beyond the level he has already, that the "classified" citations in

his document are sufficient. The CIA has *refused* to allow even Boening, who created the

document in the first place, to have access to it because he conveniently no longer has a

"need to know" the information. Pl's SJ Memo, Ex. 10.[5] In the best light, Boening has

---

[4] In terms of whether Boening has met whatever burden he faces for identifying specific citations, the notion that the CIA "repeatedly", Def's Opp. at 6-7, asked Boening to revise his Memo distorts the facts. For 16 months following his submission in Fall 2004 of the "M Complaint" to the PRB he was told virtually nothing that would lead him to believe his document would not be released. Boening Decl. at ¶¶18-20, Pl's Memo, Ex. "1". Ultimately he was told on June 30, 2006 that he had "basically" met his burden but, for whatever reason, he needed to change the official-looking format. Declaration of Scott A. Koch ("Koch Decl."), Ex. "G", attached to Defendant's Motion to Dismiss Under Rule 12 and Motion for Summary Judgment Under Rule 56 (filed July 20, 2007); Pl's Memo, Ex. "5". The August 11, 2006 letter from the PRB, see Koch Decl., Ex. "H", only generally references the "M Complaint" and was inconsistent with prior statements provided by the PRB Chairman to Boening. Boening Decl. at ¶20, Pl's Memo, Ex. "1".

[5] In Stillman v. DoD et al., 209 F. Supp. 2d 185, 226 (D.D.C. 2002), rev'd on other grounds, Stillman v. CIA et al., 319 F.3d 546, 547 (D.C.Cir. 2003), this Court understandably attempted to provide the CIA with the benefit of the doubt that the information in question was "classified" and proceeded from that point to determine whether Stillman's counsel was entitled under the First Amendment to have access to the withheld manuscript in order to more fully participate in the proceedings. In this case, Boening's counsel has had and continues to have full access to the classified information at issue, but simply does not have access to the document that contained the information. Declaration of Franz Boening at ¶6, attached to Reply to Defendant's Opposition to Plaintiff's Motion to Compel Defendant to Provide Access to "Classified" Documents to Plaintiff and His Counsel (filed March 10, 2008). The CIA can not dispute that fact. Nor should this Court give the benefit of the doubt to the CIA that the information is classified. Instead it should proceed simply under the presumption that the document is not classified but take all necessary and appropriate steps to ensure that proper security precautions are taken to eliminate any potential damage or harm in allowing access to Boening's counsel. That the undersigned has the appropriate authorization from the CIA to have Boening verbally inform them of the "classified" information negates any relevance as to whether the document is properly classified or not.

sufficiently detailed that he was not obligated to provide the in-depth pinpoint citations now seemingly required by the CIA. At worst, if anything, these contrary views reflects that material facts remain in dispute therefore requiring denial of both summary judgment motions and necessitating discovery.[6]

With respect to the CIA's second contention, application of the "public domain doctrine", each and every case it relies upon arises from the FOIA context and pertains to accessing withheld information. Def's Opp. at 4-5. In his Cross-Motion Boening again openly challenged this line of cases as an attempt to legally and factually misapply an inappropriate standard or analysis. Rather than elaborate upon its reasoning and articulate the basis for its novel application, the CIA instead chose to relegate its answer, most likely in order to minimize the impact of Boening's argument, to a mere footnote and stated:

> Plaintiff incorrectly argues that several of the precedents on which
> defendant relies are inapposite because they arose in the FOIA context.
> *See, e.g.*, Opposition to Renewed Motion at 19, 21, 23-24, 38 & nn.20, 23,
> 28. This is not so. Those cases are *directly* on point because they concern
> the same issue that governs this case – whether the information in question
> is properly classified. To be sure, different consequences flow from a
> determination that information is classified in a FOIA case (where the
> government need not disclose the information) and in a First Amendment
> context (where a private party, bound by a secrecy agreement, cannot

---

[6] Interestingly, in an attempt to minimize the impact of Boening's sworn declaration that the CIA's primary classification officer at the time, William McNair, admitted the CIA's classification decisions were improperly motivated, Boening Decl. at ¶16, Pl's Memo, Ex. "1", the CIA merely attacks this evidence as "hearsay" and "unsubstantiated". Def's Opp. at 12-13 fn. 8. Of course, most of the CIA's evidence is itself hearsay and unsubstantiated at this stage of the proceedings. More importantly, apparently Mr. McNair – who the CIA conveniently declines to even reference by name in its response – continues to work on contracts with the CIA and was in an ample position to submit a contradictory sworn declaration refuting Boening's contention. The CIA's intentional failure to do so seemingly, at least circumstantially, speaks volumes, which is why it is entirely appropriate to permit discovery. Second Rule 56(f) Declaration of Mark S. Zaid, Esq. at ¶5, attached at Pl's Memo, Ex. 6.

publish the information). But that fact in no way renders those cases'
analysis of the threshold *classification* issue inapposite.

Def's Opp. at 4-5 fn. 3. The error of the CIA's reliance fundamentally undercuts its'

entire premise that it can prevent Boening from publishing the "M Complaint". A FOIA

requester's attempt to invoke statutory rights to declassify information within a withheld

record is completely distinct from a former CIA employee's right to publish information

that has been demonstrated to have been derived from public sources. See McGehee v.

Casey, 718 F.2d 1137, 1148-1149 (D.C. Cir. 1983)(recognizing difference between FOIA

and prepublication classification challenges).

In FOIA cases the requester must identify and prove that the *specific* information

allegedly classified has been "officially released" by the government in order to extricate

the same information from within the "classified" document. Fitzgibbon v. CIA, 911 F.2d

755, 765 (D.C. Cir. 1990). Thus, for example, a FOIA requester could not obtain the

name of the classified CIA source for it's belief that weapons of mass destruction were

held by Iraq *unless* it could be proven that the CIA had "officially released" the exact

name of that source somewhere else.

With respect to a prepublication review challenge under the First Amendment the

standard is completely different. For one thing, it is not necessary to challenge the

"classified" nature of the information. While that is certainly one avenue to take, the

other is to simply provide the open sources that were relied upon for the articulated

discussion in the manuscript in question. Thus, a submitter would merely need to

demonstrate that his written reference to the CIA's "classified" source for the belief that

weapons of mass destruction were held by Iraq was derived from a *public* source. This

could be accomplished by merely citing to a *New York Times* article identifying, through

whatever means the newspaper utilized, that the CIA's primary source for the information was named "Curveball". This practice is articulated in the CIA's own regulations, and has been the practice of the CIA for years. Koch Decl., Ex. "B" & Ex. "C"; Pl's Memo, Ex. "5".[7]

Thus, in Boening's case he does not need to prove or document an official release of the "M" information in order to undercut the CIA's classification determination. He merely needs to demonstrate, as he has, that he relied upon and can point to open source information for the contents of his document. Boening Decl. at ¶¶18-20, attached at Pl's Opp., Ex. "1".

In closing, it may be illuminating to the Court, as it prepares to adjudicate this classification/First Amendment dispute, to have a better understanding of the methodology and intellectual application of the classification system that has been applied by the CIA to this very case to justify what is or is not classified. The classification review process that has surrounded the legal briefing for this dispute alone amply calls into question the genuineness of the CIA's classification decisions underlying the "M Complaint".

One need only look at the transformation of the CIA's decision to literally – and actually – classify the alphabetical letter "M" when Boening attempted to first use that designation in his initial Opposition to Defendants' Motion to Dismiss and Cross-Motion for Summary Judgment (filed November 19, 2007), notwithstanding the CIA's flagrant

---

[7] The CIA's wordsmithing aside, there is no text within any of the CIA's PRB regulations, whether from 1995, 2005 or 2007, where a requirement is imposed to provide "specific" or "pinpoint" citations. The closest phrase used is "appropriate citation". This is a very different standard than that imposed by FOIA for the "public domain doctrine".

utilization of the very same term, to that which – after nearly one month of discussions –

finally was permitted for open publication in the current Opposition/Cross-Motion.

<u>Compare</u> Ex. "1" at 2 fn. 3 with Ex. "2" at 1 fn.2. The discourse that ultimately allowed

Boening to finally cite to the letter "M" in this current round of briefing is set forth in

Exhibit "3".

    The documents speak for themselves. National security indeed.

Date:   April 11, 2008

                    Respectfully submitted,

                      /s/

                    _____

                    Mark S. Zaid, Esq.
                    DC Bar #440532
                    Bradley P. Moss, Esq.
                    D.C. Bar #975905
                    Mark S. Zaid, P.C.
                    1250 Connecticut Avenue, N.W.
                    Suite 200
                    Washington, D.C. 20036

                    Attorneys For Plaintiff

# EXHIBIT "1"

# Boening's Initial SJ Motion/Memo November 19, 2007

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRANZ BOENING                          *
                                       *
    Plaintiff,                    *
                                       *        Civil Action No. 07-0430 (EGS)
    v.                            *
                                       *
CENTRAL INTELLIGENCE AGENCY            *
                                       *
    Defendant.                    *
*     *     *     *     *     *     *     *     *     *     *     *

## OPPOSITION TO DEFENDANT'S MOTION TO DISMISS UNDER RULE 12 AND MOTION FOR SUMMARY JUDGMENT UNDER RULE 56 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT[1]

    Plaintiff Franz Boening ("Boening"), a former employee of the defendant Central

Intelligence Agency ("CIA") for nearly three decades,[2] internally challenged the CIA

with a legal, factual and moral dilemma by calling upon it to publicly come clean about

it's alleged relationship with a foreign national – **[one word deleted by CIA]** – who held

---

[1] This filing and its attachments were submitted to and reviewed by the CIA for classification purposes. As a result it has been approved for public filing in its present form. To the extent any information has been redacted as "classified", the filing of this document does not denote Boening's, or his counsel's, agreement with any classification decisions and he reserves the right to challenge these decisions at the appropriate time. Moreover, depending upon the extent of information redacted, this Court should review any unredacted version in order to ensure Boening receives full due process during these proceedings.

[2] Boening was employed by the CIA from 1980 – 2005. After learning Arabic in the early 1980s, he spent nearly one dozen years handling agent operations, primarily in the Middle East. He worked declassification issues from 1995 – 1999, and ultimately retired from the CIA after working at the Foreign Broadcast Information Service where he handled Internet exploitation and training. He has held a Top Secret/Sensitive Compartmented security clearance for more than 25 years. Complaint at ¶3 (dated March 5, 2007).

a senior position with another Government and was revealed to be a human rights violator and criminal.[3]

This case revolves around a single document: a 25-page memorandum dated May 10, 2001 and its attachments (hereinafter referred to as the "M Complaint"). Boening's concerns about **[one word deleted by CIA]** arose not from any classified work he had performed, or as a result of classified files he had reviewed (or even heard through hallway gossip), but were entirely derived from his reading of publicly available newspaper and magazine articles that described the relationship. Based on open source information, and not knowing whether any documentation on **[one word deleted by CIA]** actually existed, he pursued a rarely used whistleblower provision and called upon the CIA to declassify any relevant classified information it might possess on this individual.

Relying upon provisions established by President Clinton in Executive Order 12,958 which encouraged government employees to challenge overclassification determinations, Boening attempted to persuade the CIA to do the right thing. Instead of rewarding Boening the CIA turned on him and retaliated.[4] It initially classified the "M Complaint" because of its misconceived notion that Boening possessed access to legitimately classified information on the topic, and shut him down completely. As a CIA employee, his options – unfortunately – were limited.

---

[3] **[1 ½ lines deleted by CIA]** Defendant's Motion to Dismiss Under Rule 12 and Motion for Summary Judgment Under Rule 56 ("Def's Memo")(filed July 20, 2007), Declaration of Scott A. Koch ("Koch Decl."), Exs. "E" & "G".

[4] As a result of the matters addressed herein Boening became a whistleblower and suffered employment retaliation to include not being sent to Foreign Country "A" in 2003 despite his having volunteered and possessing needed language skills. Complaint at ¶3; Declaration of Franz Boening at ¶23 (dated November 12, 2007)("Boening Decl."), attached as Exhibit "1".

# EXHIBIT "2"

# Boening's Renewed SJ Motion/Memo March 10, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRANZ BOENING                    *
                                 *
        Plaintiff,               *
                                 *      Civil Action No. 07-0430 (EGS)
        v.                       *
                                 *
CENTRAL INTELLIGENCE AGENCY      *
                                 *
        Defendant.               *
*     *     *     *     *     *     *     *     *     *     *     *     *

**OPPOSITION TO DEFENDANT'S RENEWED MOTION TO
DISMISS UNDER RULE 12 AND MOTION FOR SUMMARY
JUDGMENT UNDER RULE 56 AND MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RENEWED
CROSS-MOTION FOR SUMMARY JUDGMENT**[1]

Plaintiff Franz Boening ("Boening"), a former employee of the defendant Central

Intelligence Agency ("CIA") for nearly three decades, internally challenged the CIA with

a legal, factual and moral dilemma by calling upon it to publicly come clean about

its' alleged relationship with a foreign national – referred to as "M" – who held a senior

position with another Government and was revealed to be a human rights violator and

criminal.[2]

---

[1] Before public filing this document and its attachments underwent a CIA classification
review. To the extent any information has been redacted as "classified", the filing of this
document does not denote Boening's agreement with that decision and he reserves the
right to challenge the classification at the appropriate time. Moreover, depending upon
the extent of information redacted, this Court should review any unredacted version in
order to ensure Boening receives full due process during these proceedings.

[2] The designation "M" has been openly used by the CIA's Publication Review Board
("PRB") and Boening in unclassified e-mails, including one that was filed by the CIA on
the public record. See e.g., Defendant's Motion to Dismiss Under Rule 12 and Motion for
Summary Judgment Under Rule 56 ("Def's Initial Memo")(filed July 20, 2007),
Declaration of Scott A. Koch ("Koch Decl."), Ex. "G" (including clear overt references
to "M" as an individual).

# EXHIBIT "3"

# Correspondence Between Zaid & CIA/DOJ

# MARK S. ZAID, P.C.
## Attorney-At-Law

1250 CONNECTICUT AVENUE, N.W.
SUITE 200
WASHINGTON, DC 20036
_____

TELEPHONE: (202) 454-2809
FACSIMILE: (202) 330-5610

MARK S. ZAID, MANAGING PARTNER
E-MAIL: MARK@MARKZAID.COM
BRADLEY P. MOSS, ASSOCIATE
E-MAIL: BRAD@MARKZAID.COM

February 11, 2008

<u>VIA HAND DELIVERY</u>

Thomas J. Schmittle
Office of General Counsel
Central Intelligence Agency
Washington, D.C. 20505

Re:  <u>Boening v. CIA</u>, Civil Action No. 07-430 (D.D.C.)(EGS)

Dear Tom:

    Enclosed are copies of the plaintiff's filings due to be submitted to the Agency today for prepublication review in the above matter.

    With respect to a prior filing the CIA had indicated I must delete all references to "M" when used in an individual context, i.e., "M's name", "M's country", "M's story", etc. Such a redaction is inappropriate as the CIA has already publicly filed an unclassified document utilizing the exact same vernacular.

    I have enclosed a copy of the CIA's filing with this letter so that you can provide it to the appropriate classification reviewers.

Sincerely,

/s/

Mark S. Zaid

Enclosures

| To: | Mark Zaid |
|---|---|
| **Organization:** | ATTORNEY |
| **Phone:** | 202 - 498 - 0011 |
| **Fax:** | 202 - ~~498~~ 330 - 5610 |
| **From:** | Tom Schmittle |
| **Organization:** | OGC |
| **Phone:** | 703 - 874 - 3180 |

**Number of pages (including cover sheet):**   Part 2.

**NOTES:**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FRANZ BOENING             *

      Plaintiff,            *

                       *      Civil Action No. 07-0430 (EGS)

      v.                     *

CENTRAL INTELLIGENCE AGENCY    *

      Defendant.           *

  *    *    *    *    *    *    *    *    *    *    *    *

## OPPOSITION TO DEFENDANT'S RENEWED MOTION TO DISMISS UNDER RULE 12 AND MOTION FOR SUMMARY JUDGMENT UNDER RULE 56 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RENEWED CROSS-MOTION FOR SUMMARY JUDGMENT[1]

Plaintiff Franz Boening ("Boening"), a former employee of the defendant Central

Intelligence Agency ("CIA") for nearly three decades, internally challenged the CIA with

a legal, factual and moral dilemma by calling upon it to publicly come clean about

its' alleged relationship with a foreign national – ███████████ – who held a senior

position with another Government and was revealed to be a human rights violator and

criminal.[2]

---

[1] Before public filing this document and its attachments underwent a CIA classification review. To the extent any information has been redacted as "classified", the filing of this document does not denote Boening's agreement with that decision and he reserves the right to challenge the classification at the appropriate time. Moreover, depending upon the extent of information redacted, this Court should review any unredacted version in order to ensure Boening receives full due process during these proceedings.

[2] ███████████████████████████████████ See e.g., Defendant's Motion to Dismiss Under Rule 12 and Motion for Summary Judgment Under Rule 56 ("Def's Initial Memo")(filed July 20, 2007), Declaration of Scott A. Koch ("Koch Decl."), Ex. "G" ███████████████████

## Mark S. Zaid

| From: | Mark S. Zaid, Esq. [mark@markzaid.com] |
|---|---|
| Sent: | Thursday, February 21, 2008 6:36 PM |
| To: | thomajs@ucia.gov |
| Cc: | mark@markzaid.com |
| Subject: | Boening v. CIA |

Tom, not all the pages are coming through.

Also, please do NOT fax me documents that are unchanged. For one thing, documents that are already in the public record through prior filings will be filed as they were before. I doubt there are additional redactions in these documents but it is confusing when I am sent them back.

I left you voicemails about this and other issues. I don't understand the redactions.

Mark

This electronic mail (e-mail) transmission is meant solely for the person(s) to whom it is addressed. It contains confidential information that may also be legally privileged. Any copying, dissemination or distribution of the contents of this e-mail by anyone other than the addressee or his or her agent for such purposes is strictly prohibited. If you have received this e-mail in error, please notify me immediately by telephone, facsimile or e-mail and purge the original and all copies thereof. Thank you.

Mark S. Zaid, Esq.
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 454-2809 direct
(202) 330-5610 fax

_____
This message was sent using IMP, the Internet Messaging Program.

1

## Mark S. Zaid

| | |
|---|---|
| **From:** | Mark S. Zaid, Esq. [mark@markzaid.com] |
| **Sent:** | Friday, February 22, 2008 2:43 AM |
| **To:** | thomajs@ucla.gov |
| **Cc:** | mark@markzaid.com; brad@markzaid.com; michael.abate@usdoj.gov |
| **Subject:** | Boening Classification Decisions |

Tom -

This is a follow-up to our conversation of yesterday regarding the classification
decisions that were contained in the Boening documents you sent me.

I am truly stunned by the absurdity of what was sent to me, particularly in light of the
letter I enclosed with the submission. The specific matter is identified in footnote 2 of
my Opposition/Cross-Motion.

I copied and used the EXACT language that was contained in a CIA e-mail that was PUBLICLY
filed by the Department of Justice of behalf of your Agency. I completely fail to
understand the CIA's obvious double-standard and I respectfully request that these
classification decisions be re-reviewed so that I may complete the filing of these
documents with the Court.

I am simultaneously notifying the Department of Justice counsel, who is cc'd above, of my
complaint and requesting that his Office review the situation as well (Michael, please
contact the Agency so that you can be properly advised of the issue).

If this matter cannot be appropriately resolved or I cannot be educated to at least
understand the CIA's reasoning as to how my references are different, I intend to bring
this issue to the attention of Judge Sullivan.

Your cooperation, as always, is appreciated.

Mark

This electronic mail (e-mail) transmission is meant solely for the person(s) to whom it
is addressed. It contains confidential information that may also be legally privileged.
Any copying, dissemination or distribution of the contents of this e-mail by anyone other
than the addressee or his or her agent for such purposes is strictly prohibited. If you
have received this e-mail in error, please notify me immediately by telephone, facsimile
or e-mail and purge the original and all copies thereof. Thank you.

Mark S. Zaid, Esq.
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C.  20036
(202) 454-2809 direct
(202) 330-5610 fax

This message was sent using IMP, the Internet Messaging Program.

1

## Mark S. Zaid

| | |
|---|---|
| **From:** | thomajs@ucia.gov |
| **Sent:** | Friday, February 22, 2008 8:59 AM |
| **To:** | Mark S. Zaid, Esq. |
| **Subject:** | Re: Boening v. CIA |

You will have to provide information about which pages did not come through.  I will fax
several sections again to make sure you got the changes.  If you have questions concerning
redactions, please provide those questions to me, and I will have them addressed.  I will
get a response to your other note this evening about one redaction that you
are concerned about.  Thank you.  Tom

Mark S. Zaid, Esq. wrote:
> Tom, not all the pages are coming through.
>
> Also, please do NOT fax me documents that are unchanged. For one
> thing, documents that are already in the public record through prior
> filings will be filed as they were before. I doubt there are
> additional redactions in these documents but it is confusing when I am sent them back.
>
> I left you voicemails about this and other issues. I don't understand
> the redactions.
>
> Mark
>
>
> _____ This electronic mail (e-mail) transmission is meant solely
> for the person(s) to whom it is addressed.  It contains confidential
> information that may also be legally privileged.  Any copying,
> dissemination or distribution of the contents of this e-mail by anyone
> other than the addressee or his or her agent for such purposes is
> strictly prohibited.  If you have received this e-mail in error,
> please notify me immediately by telephone, facsimile or e-mail and
> purge the original and all copies thereof.  Thank you.
>
> Mark S. Zaid, Esq.
> Mark S. Zaid, P.C.
> 1250 Connecticut Avenue, N.W.
> Suite 200
> Washington, D.C.  20036
> (202) 454-2809 direct
> (202) 330-5610  fax
>
>
> ------------------------------------------------------------
> This message was sent using IMP, the Internet Messaging Program.

## Mark S. Zaid

| | |
|---|---|
| **From:** | mark@markzaid.com |
| **Sent:** | Friday, February 22, 2008 10:20 AM |
| **To:** | Tom S |
| **Cc:** | Office |
| **Subject:** | Boening |

Tom, I'm only concerned with (challenging) that one identified redaction that is repeated throughout the documents.

Thanks.

Mark
Sent via BlackBerry from T-Mobile

1

**Mark S. Zaid**

| | |
|---|---|
| **From:** | thomajs@ucia.gov |
| **Sent:** | Friday, February 22, 2008 10:23 AM |
| **To:** | Mark S. Zaid, Esq. |
| **Subject:** | Re: Boening Classification Decisions |


I have provided your request for consideration.  If you need to provide
   me any other items for 22 Feb., please fax the request to 703-874-3208 since I will not
be unable to access my email account until 25 Feb.
Thanks Tom

Mark S. Zaid, Esq. wrote:
> Tom -
>
> This is a follow-up to our conversation of yesterday regarding the
> classification decisions that were contained in the Boening documents
> you sent me.
>
> I am truly stunned by the absurdity of what was sent to me,
> particularly in light of the letter I enclosed with the submission.
> The specific matter is identified in footnote 2 of my Opposition/Cross-Motion.
>
> I copied and used the EXACT language that was contained in a CIA
> e-mail that was PUBLICLY filed by the Department of Justice of behalf
> of your Agency. I completely fail to understand the CIA's obvious
> double-standard and I respectfully request that these classification
> decisions be re-reviewed so that I may complete the filing of these documents with the
Court.
>
> I am simultaneously notifying the Department of Justice counsel, who
> is cc'd above, of my complaint and requesting that his Office review
> the situation as well (Michael, please contact the Agency so that you
> can be properly advised of the issue).
>
> If this matter cannot be appropriately resolved or I cannot be
> educated to at least understand the CIA's reasoning as to how my
> references are different, I intend to bring this issue to the attention of Judge
Sullivan.
>
> Your cooperation, as always, is appreciated.
>
> Mark
>
>
>
> _____ This  electronic mail (e-mail) transmission is meant solely
> for the person(s) to whom  it is addressed. It contains confidential
> information that may also be  legally privileged. Any copying,
> dissemination or distribution of the contents of this e-mail by anyone
> other than the addressee or his or her agent for such purposes is
> strictly prohibited.  If you have received this e-mail in error,
> please notify me immediately by telephone, facsimile or e-mail and
> purge the original and all copies thereof.  Thank you.
>
> Mark S. Zaid, Esq.
> Mark S. Zaid,  P.C.
> 1250 Connecticut Avenue, N.W.
> Suite 200
> Washington, D.C.  20036
> (202) 454-2809 direct
> (202) 330-5610  fax
>
>

1

**Mark S. Zaid**

From:              thomajs@ucia.gov
Sent:              Friday, February 22, 2008 10:26 AM
To:                mark@markzaid.com
Subject:           Re: Boening


Ok Thanks Once they provide me a response, I will provide it to you.
Thanks Tom

mark@markzaid.com wrote:

> Tom, I'm only concerned with (challenging) that one identified redaction that is
repeated throughout the documents.
>
> Thanks.
>
> Mark
> Sent via BlackBerry from T-Mobile

1

**Mark S. Zaid**

| | |
|---|---|
| **From:** | Abate, Michael (CIV) [Michael.Abate@usdoj.gov] |
| **Sent:** | Monday, February 25, 2008 4:52 PM |
| **To:** | Mark S. Zaid, Esq. |
| **Cc:** | Brad Moss |
| **Subject:** | RE: Boening Classification Decisions |

Mark:

Thanks for asking.  I am working with CIA on getting an answer as quickly as I can.  In the meantime I would very much appreciate if you would hold off filing the materials in the form they were submitted to the CIA.

I assure you we wish to resolve this issue as quickly as possible (as it effects the amount of time we have to write the reply brief).  I hope to be back in touch soon.

Mike


-----Original Message-----
From: Mark S. Zaid, Esq. [mailto:mark@markzaid.com]
Sent: Monday, February 25, 2008 12:41 PM
To: Abate, Michael (CIV)
Cc: brad@markzaid.com; mark@markzaid.com
Subject: RE: Boening Classification Decisions

Quoting "Abate, Michael (CIV)" <Michael.Abate@usdoj.gov>:

> Mark:
>
> Thanks for bringing this to our attention.  I am looking into it.
>
> Mike
>
>

Mike, does DOJ have any position on whether I file the brief/exhibits as is, or wait until this issue is resolved?

Mark

This  electronic mail (e-mail) transmission is meant solely for the person(s) to whom  it is addressed.  It contains confidential information that may also be legally privileged.  Any copying, dissemination or distribution of the contents of this e-mail by anyone other than the addressee or his or her agent for such purposes is strictly prohibited.  If you have received this e-mail in error, please notify me immediately by telephone, facsimile or e-mail and purge the original and all copies thereof.  Thank you.

Mark S. Zaid, Esq.
Mark S. Zaid,  P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C.  20036
(202) 454-2809 direct
(202) 330-5610  fax


This message was sent using IMP, the Internet Messaging Program.

1

# Facsimile Cover Sheet

**Date:** 3 March 2008                                **Number of Pages: 7**

---

To: Mr. Mark Zaid
Organization: Attorney
Telephone: 202-454-2809
Fax: 202-330-5610

---

From: Thomas J. Schmittle
Organization: OGC
Telephone: 703-874- 3180
Fax: (703) 874-3208

---

Comments: Please see the revised redacted pages.

                              Thank You,

                              *Thomas J. Schmittle*

                              Thomas J. Schmittle

# Franz Boening v. CIA

## Redactions made on 3 March 2008

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRANZ BOENING                    *
                                 *
         Plaintiff,              *
                                 *
                                 *        Civil Action No. 07-0430 (EGS)
    v.                           *
                                 *
CENTRAL INTELLIGENCE AGENCY      *
                                 *
         Defendant.              *
*    *    *    *    *    *    *    *    *    *    *    *    *

### OPPOSITION TO DEFENDANT'S RENEWED MOTION TO DISMISS UNDER RULE 12 AND MOTION FOR SUMMARY JUDGMENT UNDER RULE 56 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RENEWED CROSS-MOTION FOR SUMMARY JUDGMENT[1]

Plaintiff Franz Boening ("Boening"), a former employee of the defendant Central

Intelligence Agency ("CIA") for nearly three decades, internally challenged the CIA with

a legal, factual and moral dilemma by calling upon it to publicly come clean about

its' alleged relationship with a foreign national — ████████████ — who held a senior

position with another Government and was revealed to be a human rights violator and

criminal.[2]

---

[1] Before public filing this document and its attachments underwent a CIA classification review. To the extent any information has been redacted as "classified", the filing of this document does not denote Boening's agreement with that decision and he reserves the right to challenge the classification at the appropriate time. Moreover, depending upon the extent of information redacted, this Court should review any unredacted version in order to ensure Boening receives full due process during these proceedings.

[2] The designation "M" has been openly used by the CIA's Publication Review Board ("PRB") and Boening in unclassified e-mails, including one that was filed by the CIA on the public record. See e.g., Defendant's Motion to Dismiss Under Rule 12 and Motion for Summary Judgment Under Rule 56 ("Def's Initial Memo")(filed July 20, 2007), Declaration of Scott A. Koch ("Koch Decl."), Ex. "G" (including clear overt references to "M" ████████ ████).

Case 1:07-cv-00430-EGS     Document 32-4     Filed 04/22/2008     Page 15 of 27

their First Amendment rights. That effort, based on the law and facts established herein,
should be thwarted by this Court.[4]

## FACTUAL BACKGROUND

Boening began employment with the CIA in 1980. At that time he executed a routine
secrecy agreement.[5] Koch Decl., Ex. "A". This is the only secrecy agreement he ever
executed. Second Boening Decl. at ¶3. He retired from the CIA in 2005. Id. at ¶2.

### Creation Of The "M Complaint"

In or around Autumn 2000, Boening began reading publicly available newspaper and
magazine articles that described the political scandals in M's country. █████████████

---

[4] This is the CIA's second bite at the proverbial legal apple. The CIA initially filed a
Motion to Dismiss Under Rule 12 and Motion for Summary Judgment Under Rule 56 on
July 20, 2007. Boening filed an Opposition and Cross-Motion for Summary Judgment on
November 19, 2007. These Motions were denied without prejudice on November 28,
2007 (Dkt. No. 16), to allow the Court to resolve Boening's Motion to Compel Access to
Classified Information for Plaintiff and His Cleared Counsel (filed November 19, 2007).
As part of its Opposition to the Motion to Compel, the CIA has simultaneously renewed
its original Motions and heavily relied upon its prior submissions by incorporating its
earlier arguments and attachments (such as supporting declarations and its Statement of
Material Facts). As it is Boening's belief that doing so violates the spirit, if not the letter,
of LCvR 7(h) and 56.1 (and is simply confusing to the reader), he will not duplicate this
strategy and instead has included all of his arguments herein. However, given the posture
of the CIA's filings, he will necessarily cite to its earlier submissions. Interestingly, a
comparison of the CIA's First Amendment arguments from its initial motion to its current
reveals significant differences, particularly to the extent the CIA seeks to shift the burden
from itself to Boening. Many of the arguments the CIA initially asserted about the "M
Complaint" being properly classified are gone. Instead they are replaced with attacks on
Boening's alleged failure to supply pinpoint overt sources to the PRB. Of course, the CIA
continues to rely on its' hidden *in camera, ex parte* classified declaration.

[5] Boening was employed by the CIA from 1980 – 2005. After learning Arabic in the early
1980s, he spent nearly one dozen years handling agent operations, primarily in the
Middle East. He worked declassification issues from 1995 – 1999, and ultimately retired
from the CIA after working at the Foreign Broadcast Information Service where he
handled Internet exploitation and training. He has held a Top Secret/Sensitive
Compartmented security clearance for more than 25 years. Complaint at ¶3.

▬▬▬▬▬▬[6] Boening had a personal interest in developmental affairs of this geographic region as well as human rights issues. Second Boening Decl. at ¶4. After reading domestic and international news accounts Boening was angered, not just by the level of narco-corruption in M's country and the hidden brutality of his regime, but also by the constant reminder that, according to the scores of credible published media accounts, his employer had nurtured and supported "M" for years. Complaint at ¶4.

Boening decided to monitor, during his own personal time, the unfolding political scandal because of his strong sense of civic responsibility, which was combined with his personal irritation of the allegations.[7] If what he had read was even 50% true, he decided to take it upon himself to document what he perceived to be an apparently gargantuan intelligence failure. Second Boening Decl. at ¶8. Boening was livid that CIA may have been party to human rights violations and, even worse, that it seemed entirely possible that CIA had been criminally involved with "M". Id. at ¶9.

Based on the articles Boening read he decided to document the "perceived violations of the law committed by the CIA" with regard to an alleged "special relationship with a foreign individual who committed unlawful human rights violations and criminal acts." Complaint at ¶6. This led him to create his "M Complaint", which was a whistleblower complaint drafted pursuant to the Intelligence Community Whistleblower Protection Act of 1998 ("ICWPA"). Boening's "M Complaint" specifically alleged that the:

---

[6] [14 lines deleted by CIA. The deleted text can be found in Boening's original memorandum filed November 19, 2007]. Second Boening Decl. at ¶7.

[7] During the relevant period of time in question Boening worked overtly in the Foreign Broadcast Information Service as a Mideast media analyst. He had absolutely no professional responsibility whatsoever for "M's" geographical area nor did he have access to any type of classified, compartmented CIA operational information on either "M" or his region. Second Boening Decl. at ¶10.

4

3. In 1980, I signed a secrecy agreement in which I agreed to submit for pre-
publication review any intelligence related documents that I might author after leaving
government service. I agreed not to reveal any CIA classified information and I have
observed the agreement. However:

- I did not agree to any specific type of CIA formatting for my
  documents;

- I did not agree to append tortuously worded disclaimers;

- I did not agree to never criticize the CIA;

- I did not agree to withhold reporting of apparently felonious activity
  by CIA that is publicly discussed in declassified documents that
  originated with other federal agencies;

- I did not agree to never write a whistleblower complaint;

- and I did not agree to refrain from citing and quoting published
  newspaper and magazine articles in my criticism.

My secrecy agreement deals strictly with properly classified CIA information. I made no
other legal promises to CIA.

4. This lawsuit primarily pertains to my whistleblower complaint of May 10, 2001,
which I will refer to as the "M Complaint" (a designation that the CIA and I have utilized
with approval in unclassified correspondence). I drafted the "M Complaint" in the spring
of 2001 after reading a number of publicly available newspaper and magazine articles
since autumn 2000 about political scandals in "M's" country ███████████████
███████████ I have long taken a personal interest in Latin American developments and in

2

memorandum detailed perceived violations of law and policy mistakes surrounding the
alleged relationship between the CIA and a foreign government official —

4.  If the CIA is claiming that Boening did not exclusively derive the information
within his "M Complaint" from publicly available newspaper and magazine articles, or
other federal agencies' declassified documentation retrieved from the Internet, then
discovery is essential prior to the granting of summary judgment for the CIA. This goes to
the heart of the legal and factual questions in this case, i.e., whether Boening's "M
Complaint" was based on open sources. Discovery could be undertaken to demonstrate
that no evidence exists that Boening ever accessed -- either in an authorized or
unauthorized manner -- information contained within the "M Complaint", or that the CIA
had any control over the information in the document. Boening's personnel and security
files would reveal whether the CIA ever suspected him of inappropriately accessing
classified information on "M", as well as whether any aspect of "M's" situation fell
within Boening's scope of employment.

5.  Additionally, discovery would be appropriate to demonstrate that the CIA has
improperly claimed the information in the "M Complaint" is classified solely in order to
cover up embarrassment and/or a violation of law. The comment by William McNair, the
former Information Release officer of the CIA's Directorate of Operations, justifies
further exploration on this point. Mr. McNair would specifically be deposed to discuss his
concession of:

> *Look, Franz, do you think I care about ["M's" name]? This is not
> about 'source protection,' this is about CIA's reputation. We don't want
> you to have any credibility. The problem with the "M" memorandum is
> that what you've written is all true.*

6.  Finally, discovery would be relevant on the matter of past agreements and
understandings between Boening and the PRB as to whether specific pinpoint citations

# Facsimile Cover Sheet

Date: 3 March 2008                                    Number of Pages: 1

> To: Mr. Mark Zaid
> Organization: Attorney
> Telephone: 202-454-2809
> Fax: 202-330-5610

> From: Thomas J. Schmittle
> Organization: OGC
> Telephone: 703-874-3180
> Fax: (703) 874-3208

> Comments: Additional guidance concerning redaction provided on 3 March 08. We are
> authorizing the use of this convention, so long as it does not disclose what it stands for. If
> you have additional question, please let me know.
>
>
>                        Thank You,
>
>                        *Thomas J. Schmittle*
>                        Thomas J. Schmittle

# MARK S. ZAID, P.C.
### ATTORNEY-AT-LAW

1250 CONNECTICUT AVENUE, N.W.
SUITE 200
WASHINGTON, DC 20036

---

TELEPHONE. (202) 454-2809
FACSIMILE· (202) 330-5610

MARK S ZAID. MANAGING PARTNER
E-MAIL. MARK@MARKZAID COM
BRADLEY P MOSS. ASSOCIATE
E-MAIL. BRAD@MARKZAID.COM

March 3, 2008

<u>VIA FACSIMILE</u>

Thomas J. Schmittle
Office of General Counsel
Central Intelligence Agency
Washington, D.C. 20505

Re: <u>Boening v. CIA</u>, Civil Action No. 07-430 (D.D.C.)(EGS)

Dear Tom:

I am in receipt of your facsimiles of today's date regarding the supplemental classification review of my intended filings in the above matter.

You indicated that I was authorized to utilize a specific "convention" so long as it did not disclose what it stands for. At no time have I ever included information in a document that disclosed ▌

Yet your Agency's redaction on the first page of my Opposition brief (a copy is attached) makes it appear, whether unintentionally or intentionally, that I did ▌ Due to this perception, I decline to file the document in its current form as it conveys an inaccurate and prejudicial image.

In fact, the two redactions on this page, which merely indicate the ▌ are completely inappropriate. Any reasonable person, and even any unreasonable person, would clearly recognize from the text throughout every document filed in this case that what the redacted text in footnote 2 says is a fact. And that fact discloses absolutely nothing. More to the point, these redactions are inconsistent with the Agency's own classification determinations in accompanying pages such as, for example, in the italicized portion of paragraph 5 in my declaration.

Therefore, I am respectfully requesting that the Agency permit the text on page 1 to be openly filed in full. Under that scenario I am comfortable to follow the convention model throughout the other pages.

This should be a simple matter to decide. Therefore, please inform me of the Agency's decision by COB Tuesday, March 4, 2008. Otherwise I will simply file the original classification response with all the redactions and I will address this ongoing farce through the legal proceedings. I do not wish to delay the prosecution of this case any longer.

As always, your timely cooperation is appreciated.

Sincerely,

/s/

Mark S. Zaid

Attachment
cc: Michael Abate, Esq. (via e-mail)
     Federal Programs Branch, DOJ

4 March 2008


<u>VIA FACSIMILE AND FIRST-CLASS MAIL</u>

Mark S. Zaid
Mark S. Zaid, P.C.
1250 Connecticut Ave., N.W., Suite 200
Washington, DC  20036

  Re: <u>Boening v. CIA</u>, Civ. No. 07-430 (D.D.C.)(EGS)

Dear Mr. Zaid:

  I write in response to your 3 March 2008 letter.

  The Central Intelligence Agency (CIA) approves plaintiff filing on the public record without redaction page 1 of plaintiff's draft opposition memorandum of law, with the following understanding.  The CIA approves plaintiff stating that the convention employed refers to a foreign national that is the subject of the Memorandum at issue in this litigation. The CIA does not approve plaintiff stating how the convention was derived, however.  Any statement describing how the convention was derived or further identifying that individual would contain classified information.  In that regard, the first sentence of the fourth paragraph of your 3 March 2008 letter is classified.

  Furthermore, this response does not alter any of the other redactions required by the CIA in the materials transmitted to you on 3 March 2008.  This response is merely limited to the two redactions that appear on page 1 of the draft opposition memorandum, which was attached to your 3 March 2008 letter.

       Sincerely,


       Thomas J. Schmittle
       Area Security Officer

# MARK S. ZAID, P.C.
## ATTORNEY-AT-LAW

1250 CONNECTICUT AVENUE, N.W.
SUITE 200
WASHINGTON, DC 20036

TELEPHONE: (202) 454-2809
FACSIMILE: (202) 330-5610

MARK S. ZAID, MANAGING PARTNER
E-MAIL: MARK@MARKZAID.COM
BRADLEY P. MOSS, ASSOCIATE
E-MAIL: BRAD@MARKZAID.COM

March 4, 2008

<u>VIA FACSIMILE</u>

Thomas J. Schmittle
Office of General Counsel
Central Intelligence Agency
Washington, D.C. 20505

Re: <u>Boening v. CIA</u>, Civil Action No. 07-430 (D.D.C.)(EGS)

Dear Tom:

I am in receipt of your facsimile of today's date regarding the latest classification review of my intended filings in the above matter.

Upon further review of your instructions I must admit I remain confused as to exactly what the CIA desires me to do. For one thing your letter seems to intimate that I can change substantive text of the briefs in order to accommodate the Agency's concerns. If this is your intent I can not comply. The documents must remain in the substantive form they were submitted. The only issue we can discuss is the extent to which redactions remain.

Based on the CIA's concession that the two previous redactions on page 1 of my Summary Judgment Opposition/Cross-Motion are not classified I can certainly use that as the model for the rest of the documents. Thus, as a result, there would be no redactions within the soon-to-be publicly filed copy of plaintiff's Local Rule 7(h) Statement of Material Facts as to Which There is No Genuine Issue. In fact, other than the minimal redactions contained in the other four pages you sent today it would appear no further redactions are necessary (beyond that which was already indicated in bold text when I submitted this second round of briefing) on any other pages of any other document. The previous redactions were all of the exact type your Agency approved today.

Please correct me if I am misinterpreting the latest classification determinations or your letter.

As always, your timely cooperation is appreciated.

Sincerely,

/s/

Mark S. Zaid

cc: Michael Abate, Esq. (via e-mail)
    Federal Programs Branch, DOJ

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRANZ BOENING                          *
                                       *
    Plaintiff,                   *
                                       *
    v.                           *        Civil Action No. 07-0430 (EGS)
                                       *
CENTRAL INTELLIGENCE AGENCY            *
                                       *
    Defendant.                   *
  *    *    *    *    *    *    *    *    *    *    *

### OPPOSITION TO DEFENDANT'S RENEWED MOTION TO DISMISS UNDER RULE 12 AND MOTION FOR SUMMARY JUDGMENT UNDER RULE 56 AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S RENEWED CROSS-MOTION FOR SUMMARY JUDGMENT[1]

Plaintiff Franz Boening ("Boening"), a former employee of the defendant Central Intelligence Agency ("CIA") for nearly three decades, internally challenged the CIA with a legal, factual and moral dilemma by calling upon it to publicly come clean about its' alleged relationship with a foreign national — ███████████ — who held a senior position with another Government and was revealed to be a human rights violator and criminal.[2]

---

[1] Before public filing this document and its attachments underwent a CIA classification review. To the extent any information has been redacted as "classified", the filing of this document does not denote Boening's agreement with that decision and he reserves the right to challenge the classification at the appropriate time. Moreover, depending upon the extent of information redacted, this Court should review any unredacted version in order to ensure Boening receives full due process during these proceedings.

[2] The designation "M" has been openly used by the CIA's Publication Review Board ("PRB") and Boening in unclassified e-mails, including one that was filed by the CIA on the public record. See e.g., Defendant's Motion to Dismiss Under Rule 12 and Motion for Summary Judgment Under Rule 56 ("Def's Initial Memo")(filed July 20, 2007), Declaration of Scott A. Koch ("Koch Decl."), Ex. "G" (including clear overt references to "M" ███████████

# MARK S. ZAID, P.C.
### ATTORNEY-AT-LAW

1250 CONNECTICUT AVENUE, N.W.
SUITE 200
WASHINGTON, DC 20036

——————

TELEPHONE: (202) 454-2809
FACSIMILE: (202) 330-5610

MARK S. ZAID, MANAGING PARTNER
E-MAIL: MARK@MARKZAID.COM
BRADLEY P. MOSS, ASSOCIATE
E-MAIL: BRAD@MARKZAID.COM

March 5, 2008

<u>VIA FACSIMILE</u>

Thomas J. Schmittle
Office of General Counsel
Central Intelligence Agency
Washington, D.C. 20505

Re: <u>Boening v. CIA</u>, Civil Action No. 07-430 (D.D.C.)(EGS)

Dear Tom:

In light of our recent correspondence and telephone conversation of today concerning the confusion surrounding the classification status of the briefs in the above matter which are awaiting filing, I have – with the Agency's consent – attached copies of the relevant pages for the Agency's re-review. These pages were those previously identified per your facsimile of February 21, 2008 as requiring redactions.

However, in light of the Agency's classification reversal regarding the cover page of my Opposition/Cross-Motion, i.e., that no information on that page now requires redaction, I have modified the other pages to reveal the identical information. As far as I can tell, other than those redactions that are still noted, every other previous redaction was identical to the now disclosed information on the first page and therefore is not classified.

If the Agency disagrees with my understanding then I suggest I meet with the appropriate reviewing official so that the distinction can be explained to me or otherwise I will retain the original redactions and file it in that manner and simply raise the issue with the Court.

As always, your timely cooperation is appreciated.

Sincerely,

/s/

Mark S. Zaid

Attachment
cc: Michael Abate, Esq. (<u>via</u> e-mail, w/o attachment)
    Federal Programs Branch, DOJ

**Mark S. Zaid**

| | |
|---|---|
| From: | mark@markzaid.com |
| Sent: | Thursday, March 06, 2008 1:09 PM |
| To: | Michael Abate |
| Cc: | Brad Moss; Office |
| Subject: | Boening v. Cia |

Michael, after much back and forth over the last month the cia has finally cleared copies of the briefs that I am comfortable with filing. However, I am enroute to FL right now. Hopefully I will have internet access at the hotel. If I do, and assuming I can properly prepare the documents for filing (if I have the correct copies), I will file them while away. Otherwise it may have to wait until mon night when I return.

Mark
Sent via BlackBerry from T-Mobile