**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
                                  )
FRANZ BOENING,                    )
                                  )
            Plaintiff,            )
                                  )
                                  )   Civ. No. 07-430(EGS)
          v.                      )
                                  )
CENTRAL INTELLIGENCE AGENCY,      )
                                  )
            Defendant.            )
_____ )


**MEMORANDUM OPINION**

Plaintiff Franz Boening brings this suit against the
Central Intelligence Agency ("CIA" or "Agency"), alleging that
the CIA violated the First Amendment of the United States
Constitution and the Administrative Procedure Act, ("APA"), 5
U.S.C. § 701 *et seq.*, by denying him permission to publish, as
written, a Memorandum Plaintiff authored.  The CIA contends that
Plaintiff is barred from publishing the Memorandum, known as the
"M Complaint," because it contains classified information.  The
CIA moves to dismiss Plaintiff's APA claims and moves for
summary judgment on Plaintiff's First Amendment claim.
Plaintiff cross moves for summary judgment, or in the
alternative, requests discovery pursuant to Federal Rule of
Civil Procedure 56(f).  Plaintiff has also filed a Motion to
Compel.  Upon consideration of the Motions, the responses and

1

replies thereto, the applicable law, and this Court's *in camera* review of the classified documents at issue, the Court hereby **GRANTS** Defendant's Motion to Dismiss Plaintiff's APA claims, **GRANTS** Defendant's Motion for Summary Judgment on the First Amendment Claim, **DENIES** Plaintiff's Cross-Motion for Summary Judgment and Request for Discovery, and **DENIES** Plaintiff's Motion to Compel.

## I.   BACKGROUND

Plaintiff was employed by the CIA from 1980 until his voluntary retirement on August 13, 2005.  On May 10, 2001, Plaintiff submitted a memorandum ("Memorandum" or "M Complaint") with three annexes and a bibliography to the CIA's Office of Inspector General ("OIG") as a whistleblower complaint for review as an "urgent concern" under section 17(d)(5) of the CIA Act, 50 U.S.C. § 403q(d)(5).  The Memorandum "sought to detail perceived violations of the law committed by the CIA."  Compl. ¶ 6.  Plaintiff contends "the CIA maintained a special relationship with a foreign individual who committed unlawful human rights violations and criminal acts with the knowledge of the CIA, and that despite other federal agencies expressing interest in seeing this person arrested the CIA preferred that such an action not take place."  *Id.* ¶ 7.

The OIG determined that the Memorandum did not represent an "urgent concern."  The Information Review Officer of the

Directorate of Operations ("DO/IRO"), who possessed original classification authority, subsequently reviewed the Memorandum and placed brackets around the portions that he deemed classified. Def.'s Statement of Facts ¶ 4. Plaintiff challenged the Agency's determination that the Memorandum was classified by filing a classification challenge under Executive Order 12958, as amended, with the Agency Release Panel ("ARP"), the entity tasked with adjudicating complaints that the Agency has improperly classified official CIA documents. Def.'s Statement of Facts ¶ 5.

The Agency determined that Plaintiff's Memorandum was not properly subject to a classification challenge under the Executive Order, however, because whistleblower complaints are personal writings, and not official Agency documents. Def.'s Supp. Mem. at 1. Accordingly, the ARP informed Plaintiff that it had no authority to consider Plaintiff's challenge and he should submit his Memorandum to the Publication Review Board ("PRB") for prepublication review as a "nonofficial" publication. *Id.* at 1-2. Plaintiff appealed the ARP's decision to the Interagency Security Classification Appeals Panel ("ISCAP"). Def.'s Statement of Facts ¶ 7. In a letter dated February 4, 2004, the ISCAP Executive Director informed Plaintiff that he could not challenge the Memorandum's classification because he was not an "authorized holder" of the

information. *Id.* "Nevertheless, [the ISCAP Executive Director] exercised his own independent authority to consider such a classification challenge and determined that the CIA properly classified the Memorandum." *Id*.

On November 22, 2004, Plaintiff submitted his Memorandum to the PRB "for the purposes of potential public dissemination." Compl. ¶ 5; *see also* Def.'s Statement of Facts ¶ 8. In a letter dated January 5, 2006, the Chairman of the PRB notified Plaintiff that he could not publish the Memorandum as written and that if he wished to publish his Memorandum, Plaintiff would need to rewrite it "outside of the government memo format stating in [his] own words what [he] desire[s] to communicate," and that he would have to provide "specific, open source citations (author, title, source, date, page) for the statements [he] wish[es] to make." Def.'s Statement of Facts ¶ 9 (quoting Ex. E of Scott A. Koch Declaration ("Koch Decl.")). The Chairman specifically instructed Plaintiff that the required citations "must be placed in the body of the text linked to specific sentences and paragraphs." *Id.*

Defendant contends that Plaintiff failed to make the necessary changes, prompting the PRB to make a final decision denying Plaintiff permission to publish the document in its present form. The CIA determined that Plaintiff's Memorandum contains information that:

(a) has been classified by officials with original

classification authority, including Ralph S. DiMaio and the

DO/IRO (who initially reviewed the Memorandum), *see*

Unclassified DiMaio Decl. ¶ 3;

(b) remains under the control of the CIA, *Id*. ¶ 10;

(c) falls within at least one of three of the categories of

classified information under § 1.4 of Executive Order

12,958, as amended, including: (i) § 1.4(b) (foreign

government information); (ii) § 1.4(c) (information

concerning intelligence activities, sources, or methods;

and (iii) § 1.4(d) (information concerning foreign

relations or foreign activities of the United States,

including confidential sources), *see* Unclassified DiMaio

Decl. ¶¶ 11, 14; and

(d) if disclosed, could reasonably be expected to cause

serious damage to the national security. *Id*. ¶ 12.

Def.'s Statement of Facts ¶ 14.  The PRB informed Plaintiff that

if he wished to publish his Memorandum he would have to "(1)

delete specific information identified by the PRB, and (2)

include a disclaimer stating that his writings constitute his

own opinions and do not represent the views of the Agency or the

U.S. Government."  *Id*. ¶ 10 (citing Ex. F of Koch Decl.).

Plaintiff emailed the PRB on June 29, 2006 stating his

Memorandum was based on open sources and challenged the PRB's

conclusion that the subject of his Memorandum could not be
mentioned by name.  Def.'s Statement of Facts ¶ 11 (citing Koch
Decl. ¶ 36).  The Chairman of the PRB responded on June 30, 2006
that Plaintiff could still "get his message out" if he would
rewrite his Memorandum "in a different format, outside the
official-looking memo type one it currently is in" and if he
would "attribute those statements to open sources." *Id.* ¶ 12
(citing Koch Decl. ¶ 37).  On August 11, 2006, the PRB again
wrote to Plaintiff informing him that that the information
Plaintiff had submitted with his Memorandum in a "Classified
Annex" was in fact properly classified.  *Id.* ¶ 12.  Plaintiff
brought this lawsuit on March 5, 2007.

## II.  DISCUSSION

### A.    Standard of Review

Defendant moves to dismiss Plaintiff's APA claims pursuant
to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil
Procedure.  Under Federal Rule of Civil Procedure 12(b)(1), the
plaintiff bears the burden of establishing that the court has
jurisdiction.  *Jordan Hosp. v. Leavitt*, 2008 WL 3582723, *3
(D.D.C., August 15, 2008); *Grand Lodge of Fraternal Order of
Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001) (a court
has an "affirmative obligation to ensure that it is acting
within the scope of its jurisdictional authority").  In deciding
a 12(b)(1) motion, the court need not limit itself to the

allegations of the complaint. *See Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). Rather, "[t]he court may consider such materials outside the pleadings as it deems appropriate to resolve the question whether it has jurisdiction in the case." *Scolaro v. D.C. Board of Elections and Ethics*, 104 F. Supp. 2d 18, 22 (D.D.C. 2000) (citing *Herbert v. Nat'l Academy of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992)); *see also Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

In ruling on a motion made pursuant to Rule 12(b)(6), the Court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Taylor v. FDIC*, 132 F.3d 753, 761 (D.C. Cir. 1997). "To survive a motion to dismiss, a complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," and give the defendant "fair notice of the claims against him." *Aktieselskabet AF 21 November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 17 (D.C. Cir. 2008) (quoting *Ciralsky v. CIA*, 355 F.3d 661, 668-70 (D.C. Cir. 2004) (quoting Fed. R. Civ. P. 8(a))). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *Swierkiewicz v. Sorema*, 534 U.S. 506, 515 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if the pleadings on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Material facts are those that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating an absence of genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994).  In considering whether there is a triable issue of fact, the court must draw all reasonable inferences in favor of the non-moving party.  *Id.*

**B.   Plaintiff's Claims**

Plaintiff brings both constitutional and statutory claims against the Agency.  Plaintiff first alleges that the Agency violated the First Amendment of the Constitution by prohibiting him from publishing his Memorandum as written.  Compl. ¶¶ 30-38. Plaintiff brings his remaining claims pursuant to APA, alleging he has been harmed by arbitrary and capricious agency action. Plaintiff also filed a Motion to Compel which will be addressed at the conclusion of this Opinion.

**1.   First Amendment Claim**

Plaintiff alleges that the CIA violated his First Amendment right to publish.  Though Plaintiff makes multiple and varied arguments on this issue, the heart of the matter is Plaintiff's contention that all of the information within his Memorandum was compiled from open source documents and therefore the CIA has no authority to classify it.  Compl. ¶ 22.  The CIA argues in response that Plaintiff has failed to meet his burden of providing citations to the various open sources upon which he purportedly relies.  The Agency reiterates throughout its pleadings that it is willing to continue to work with Plaintiff to produce an unclassified version of his Memorandum, or to further evaluate whether the information was derived solely from overt sources such that it can be released as written.  *See* Def.'s Renewed Mot. at 2, n.1.  However, in order to do so, the Agency demands that Plaintiff provide the pinpoint citations for any material he claims is already in the public domain. *Id.; see also McGhee v. Casey*, 718 F.2d 1137, 1141 n.9 (D.C. Cir. 1983) ("An ex-agent should demonstrate, however, at an appropriate time during the prepublication review, that such information is in the public domain.  The CIA cannot reasonably bear the burden of conducting an exhaustive search to prove that a given piece of information is not published anywhere.").

CIA regulations also require the author to submit citations for purportedly open source material that the Agency believes

originates from classified sources.  The 1995 PBR Regulation in

effect at the time Plaintiff wrote his memorandum states,

> When an author claims that information intended for
> nonofficial publication is unclassified because it has
> already appeared in public, the author may be called
> upon to identify any open sources for information
> that, in the Agency's judgment, originates from
> classified sources. Failure or refusal to identify
> such public sources or otherwise cooperate may result
> in refusal of authorization to publish the information
> in question. The author may also be requested to cite
> the source in a footnote.

1995 PRB Regulation § 2(c)(5).  The 2005 Regulation, on which

Plaintiff also relies, provides

> When otherwise classified information is also
> available independently in open sources and can be
> cited by the author, the PRB will consider that fact
> in making its determination on whether that
> information may be published with the appropriate
> citations.  Nevertheless, the Agency reserves the
> right to disallow certain open-source information or
> citations where, because of the author's Agency
> affiliation or position, the reference might confirm
> the classified content.

2005 PRB Regulation § 2(f)(4).

 Plaintiff did not challenge the validity of these

regulations in his complaint, though in his briefs, he

alternatively disputes their constitutionality and argues that

he has complied with them.  In any event, the Court finds that

the CIA regulations are reasonable and that Plaintiff has failed

to meet his burden of demonstrating that the information in his

Memorandum is in public domain.  *See McGhee*, 718 F.2d at 1141

n.9.  The Court has reviewed the document *in camera* and determined that Plaintiff has provided no adequate pinpoint citations, and has instead provided only lists of publications without providing authors, dates, or page numbers of specified articles.  Many citations in his Memorandum are attributed only to "various."   On the record before it, the Court cannot engage in a meaningful review of whether or not the Agency has properly classified Plaintiff's Memorandum.

Accordingly, the Court is not in a position to rule on the ultimate issue in this case, namely, whether the CIA has properly classified Plaintiff's Memorandum or whether, as Plaintiff contends, the Agency has improperly curtailed his First Amendment rights by classifying information already in the public domain.  The CIA has itself admitted that even it is not able to fully consider Plaintiff's "open source" arguments because Plaintiff has failed to provide appropriate citations for his information.  *See* Def.'s Reply at 10 ("[N]either the PRB nor this Court can undertake a meaningful analysis of whether that information is, in fact, in the public domain.").  Accordingly, if the Agency is not in a position to determine whether Plaintiff's Memorandum should be classified, then the Court certainly is no better equipped.  Because Plaintiff has failed to meet his burden, Plaintiff's Motion for Summary Judgment is **DENIED without prejudice.**  Defendant's Motion is

**GRANTED**, subject to a Motion for Reconsideration, should Plaintiff so choose to file one, after Plaintiff's submission of an adequately cited Memorandum and a subsequent adverse decision from the PRB.

Finally, the Court **DENIES** Plaintiff's Motion for Discovery on his First Amendment claim.  No discovery is required at this point to settle the narrow legal issue of whether or not the M Complaint is properly classified.  Plaintiff's discovery request attempts to shift the burden on to the CIA to prove that Plaintiff did not exclusively derive his information from publicly available sources.  The Court has already held that the initial burden is on Plaintiff to provide adequate citations for the overt material upon which he claims to have relied and he has failed to meet it.

### 2.   Thirty Day Limit

Plaintiff alleges that the CIA violated the APA by failing to adjudicate Plaintiff's prepublication request for review within thirty days.  *Id.* ¶¶ 30-34.  Defendant moves to dismiss this claim pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that it is moot.  This Court faced an identical issue in *Stillman v. CIA*, 517 F. Supp. 2d 32, 36 (D.D.C. 2007).  As in *Stillman*, the Court finds that Plaintiff's claim is moot, as "there is no further relief that this Court can provide as to that claim."  *Id.*  Plaintiff has already received the final

decision that he sought from the Agency's Prepublication Review Board ("PRB").  The Court further finds that this case does not fall into the narrow exception to the mootness doctrine for those cases that are "capable of repetition yet evade review." *See Alliance for Democracy v. Federal Election Comm'n*, 335 F. Supp. 2d 39, 44 (D.D.C. 2004).  The capable of repetition doctrine applies only in exceptional situations, and generally only where the named plaintiffs can make a reasonable showing that he or she will again be subjected to the alleged illegality.  *Los Angeles v. Lyons*, 461 U.S. 95, 109 (1983). Plaintiff has made no such showing here.  As Defendant explains,

> Plaintiff signed a declaration stating that he submitted a new document to the PRB on November 12, 2007, for classification review.  *See* Boening Decl. ¶ 27.  And he contends, relying upon that fact (and a generalized intent to submit other documents to the PRB in the future), that he has demonstrated a likelihood of suffering similar delays in the future. *See* Pl. Opp. at 45. What Plaintiff fails to mention is that he received permission to publish that new submission on November 15, 2007 – which was only three days after its submission and, more importantly, four days prior to filing a declaration with this Court suggesting that the submission of that document somehow renders this APA claim a live controversy.

Def.'s Renewed Mot. at 22.  Accordingly, the Court finds that Plaintiff's claim regarding the thirty day limit is moot.

### 3.    Disclaimer and Format

Though mentioned only in passing in his complaint, Plaintiff also argues in his pleadings that the CIA has violated

the APA and the First Amendment by requiring Plaintiff to change
the format of his Memorandum out of the official format used by
the CIA and by requiring him to include a disclaimer.  With
respect to the format, Plaintiff claims that the CIA approved
the release of his other memoranda that were styled in a similar
if not identical format, and therefore, the CIA's insistence on
a new format for the "M Complaint" is without support.  Pl.'s
Cross Mot. at 38.  The government responds that Plaintiff's
other memoranda did not involve classified information "whose
wrongful attribution to the CIA could harm the United States'
intelligence gathering activities or national security."  Def.'s
Renewed Mot. at 14.  On the issue of the disclaimer, Plaintiff
concedes it is required by PRB regulations, though he contends
that this requirement is an unconstitutional restriction on the
speech of former employees.  The CIA responds that the
disclaimer is less restrictive than the prepublication review
process itself, and because that process has been upheld, the
disclaimer necessarily is permissible.

     The Court finds that it need not reach either of these
questions at this time.  Because the Court has determined that
the merits of the classification of the "M Complaint" are not
properly before the Court, the Court is equally unable to decide
whether it is reasonable for the CIA to require a change in the
Memorandum's format or a disclaimer.  To rule on either of these

issues would be to do so in a vacuum, without the benefit of seeing the final version of the Memorandum.  If Plaintiff chooses to provide the appropriate citations and resubmit his Memorandum to the PRB, the PRB may decide at that time that neither change is appropriate.  Of course, the PRB is also free to decide that the changes are required.  In that case, if Plaintiff so chooses, he is free to revisit these issues in Court at a later date.

### 4.  Authorized Holder

Plaintiff also argues that the CIA violated the APA by arbitrarily and capriciously determining that he was not an "authorized holder" of the information in his Memorandum. Compl. ¶ 41.  Plaintiff contends that this decision improperly denied him standing to bring an official challenge to the CIA's classification determinations pursuant to Executive Orders 12,958 and 13,292.  *Id.* ¶ 40.  The CIA moves to dismiss this claim pursuant to Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), or in the alternative moves for summary judgment.  The CIA argues that Plaintiff lacks standing to challenge this determination because he has failed to allege any redressable injury as required by Article III of the Constitution.  In support of this claim, the CIA argues that Plaintiff was not permitted to challenge the classification determination pursuant to the scheme set out in Executive Order 12,958 and 32 C.F.R.

1907.01 *et seq.* because the ARP determined that his Memorandum was not an official Agency document.  *See* Koch. Decl. ¶ 27.  As previously discussed, the CIA concluded that the M Complaint was a personal record, created in Plaintiff's personal capacity, and therefore the CIA could not review it pursuant to the classification challenge provisions of the Executive Order, rather only the PRB could review the complaint prior to publication.  *Id.*  When Plaintiff appealed this decision to the ISCAP, the Executive Director determined that Plaintiff was not an authorized holder of the information in his complaint and therefore lacked standing to challenge its classification.  *Id.* The Director then exercised his own independent authority and determined that even if Plaintiff was an authorized holder such that he could challenge the document's classification, the Memorandum was properly classified.  Accordingly, the CIA argues, that even if being denied "authorized holder" status is a concrete injury, which they do not concede, a favorable ruling for Plaintiff on this point would provide him no relief.

    The Court agrees.  Even if the Court were to find that Plaintiff is an "authorized holder" of this information, which by his own admission he does not appear to be, *see* Pl.'s Opp'n at 25 ("[A]t no time did [Plaintiff] even have authorized access to the information while employed at the CIA."), the CIA has interpreted its own regulations to preclude formal

classification challenges to whistleblower complaints.  The
regulations provide that in addition to being an authorized
holder of the information, a classification challenge must be
brought in the individual's "official, not personal, capacity
and in furtherance of the interests of the United States." 32
C.F.R. § 1907.02.  The scheme set out in the regulations
specifically pertains to official challenges of the
classification of official documents.  *Id.* § 1907.01.  The CIA
reasonably concluded that whistleblower complaints such as
Plaintiff's are not official documents under this scheme, and
accordingly, must be submitted to the PRB for prepublication
review, rather than to the ARP for a formal classification
challenge.  Therefore, even if the Court ruled that Plaintiff is
an authorized holder of the classified information, by virtue of
the fact that the M Complaint is a whistleblower complaint
submitted in Plaintiff's personal capacity, it would still not
be subject to a formal classification challenge under the
Executive Order.  As Defendant contends, "authorized holder
status is a necessary, but not sufficient, prerequisite for
bringing an official classification challenge." Def.'s Mot. at
20.  Accordingly, there is no relief this Court can provide to
Plaintiff on this claim and Defendant's Motion to Dismiss this
claim is **GRANTED**.

Finally, the Court notes that Plaintiff has attempted to present two additional APA claims in his opposition papers to Defendant's Renewed Motion.  Plaintiff attempts to challenge the decision that his complaint was submitted in his personal, not official, capacity and also argues that the determination by the Executive Secretary of the ISCAP that whistleblower complaints are personal documents amounts to a substantive rule that should have been subjected to the notice and comment procedures under the APA.  *See* Pl.'s Opp'n at 34-40.  Plaintiff has failed to plead either of these claims and therefore the Court will not consider them.  *See Arbitraje Casa de Cambio, S.A. de C.V. v. U.S. Postal Serv.*, 297 F. Supp. 2d 165, 170 (D.D.C. 2003) ("It is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss.") *(*quoting *Coleman v. Pension Benefit Guar. Corp.,* 94 F. Supp. 2d 18, 24 n.8 (D.D.C. 2000)).

5.    **Plaintiff's Motion to Compel**

Plaintiff moves to compel access for himself and his counsel to the classified version of the M Complaint and to the classified declaration filed by the government supporting its classification decision.  In *Stillman v. CIA*, 319 F.3d 546 (D.C. Cir. 2003) ("*Stillman II*"), the D.C. Circuit held that before deciding the constitutional question of whether the author of an

allegedly classified manuscript has a right under the First

Amendment for his attorney to have access to the manuscript,

> [t]he district court should first inspect the manuscript
> and consider any pleadings and declarations filed by the
> Government, as well as any materials filed by [plaintiff].
> . . .  The court should then determine whether it can,
> consistent with the protection of [plaintiff's] first
> amendment rights to speak and to publish, and with the
> appropriate degree of deference owed to the Executive
> Branch concerning classification decisions, resolve the
> classification issue without the assistance of plaintiff's
> counsel.

*Stillman II*, 319 F.3d at 548-49.  In other words, the court held

that prepublication review cases can and should begin with *ex*

*parte* and *in camera* consideration.  *Id.*

As indicated above, the Court has conducted an *in camera*

review of Plaintiff's Memorandum consistent with this Circuit's

instruction.  On the basis of that review, the Court has

determined that Plaintiff has not discharged his burden of

providing adequate citations for the material he claims is

within the public domain and the Court need not reach the issue

of whether Plaintiff's Memorandum has been properly classified.

Accordingly, the Court is not faced with a First Amendment issue

that may require the assistance of Plaintiff's counsel, and

therefore Plaintiff's Motion to Compel is **DENIED.**

## III. CONCLUSION

For the reasons stated herein, Plaintiff's Motion for

Summary Judgment and Request for Discovery is **DENIED,**

Defendant's Motion for Summary Judgment is **GRANTED**, and

Plaintiff's Motion to Compel is **DENIED.**  An appropriate Order

accompanies this Memorandum Opinion.

**Signed:    Emmet G. Sullivan**
            **United States District Judge**
            **September 30, 2008**